(January 17, 1991)

■ ONE BEEKMAN PLACE, INC., et al., Respondents, v CITY OF NEW YORK, Appellant, and RIVERFRONT FIFTIES ASSOCIATION, INC., Intervenor-Defendant.—Orders, Supreme Court, New York County (Eugene Nardelli, J.), entered August 28, 1989 and January 10, 1990, which directed defendant-appellant, the City of New York, to disclose certain documents prepared by the Department of City Planning in connection with a proposed rezoning, unanimously reversed, on the law and facts without costs.

Plaintiffs, the corporate owner and two residents of a coop-

erative apartment building in the area of Manhattan known as Beekman Place, located between First Avenue and the East River in the East 50's, brought this action in November 1985 to obtain a declaratory judgment annulling the rezoning of Beekman Place. This area was being rezoned, as were other portions of the city, to implement contextual zoning, which encourages the maintenance of a street wall of buildings, instead of plazas, and which requires that new buildings be built "in context" with the neighborhood. As applied to Beekman Place, the contextual zoning reduced the maximum height and floor area permitted for new construction.

Plaintiffs challenged the rezoning as illegal, arguing that it was not reasonably calculated to promote the general welfare of the community as a whole, was not consistent with a well-considered, comprehensive plan, and violated the Equal Protection Clauses of the State and Federal Constitutions.

At issue in this appeal is whether the IAS Part properly granted plaintiffs' motion to compel the municipal defendant to produce certain documents. The subject documents, six in total, were prepared by the staff of the Department of City Planning in connection with the proposed rezoning, and contained various staff members' analyses, opinions, and recommendations. The city refused to comply with this discovery request, arguing that the material was comprised of internal memoranda prepared solely for use by the Department of City Planning, and was protected from disclosure by the privilege that attaches to confidential communications between public officers and/or an attorney-client relationship.

It has long been recognized that the public interest is served by keeping certain government documents privileged from disclosure. (Cirale v 80 Pine St. Corp., 35 NY2d 113.) It is, for example, in the public interest to encourage candid discussion and representation of views among government employees involved in the development of policy. (Matter of Delaney v Del Bello, 62 AD2d 281, 287.) For this reason, the Freedom of Information Law similarly exempts from disclosure interagency or intraagency materials that are not "final agency policy or determinations". (Public Officers Law § 87 [2] [g] [iii]; Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 132.)

In determining whether the public interest privilege is applicable in a given set of circumstances, a court must weigh the encouragement of candor in the development of policy against the degree to which the public interest may be served by disclosing information which elucidates the governmental action taken. (See, Lamitie v Emerson Elec. Co., 142 AD2d 293,

298, *lv dismissed* 74 NY2d 650.) In the case at bar, this court has conducted an in camera examination of the subject documents, and concludes that they come within the privilege accorded to confidential communications among public officers, and are therefore not subject to disclosure.

In weighing the conflicting interests represented in this litigation, we deem it highly significant that plaintiffs' discovery request, which sought virtually every document relating to the Beekman Place rezoning, was met by the city's production of well over a thousand pages of documents, and that every aspect of the rezoning was subject to public review and comment before the local Community Board, the Planning Commission, and the Board of Estimate. The zoning amendment went through the Uniform Land Use Review Procedure, with its extensive public participation mechanisms, and the Planning Commission's Beekman Place Area Zoning Study was publicly released.

Accordingly, we hold that the public interest to be protected in ensuring full and frank exchanges regarding governmental decision making outweighs the public interest to be served by providing these litigants with the six internal memoranda at issue. Concur—Murphy, P. J., Sullivan, Carro and Kassal, JJ.