■ PALERMO MASON CONSTRUCTION, INC., Appellant, v AARK HOLDING CORP., Formerly Known as AARK CONSTRUCTION CORP., Defendant, and HOME DEPOT U.S.A., INC., Respondent. [751 NYS2d 599] —In an action, inter alia, to recover damages for fraudulent conveyance and breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated November 30, 2001, as denied that branch of its motion which was to compel the defendant Home Depot U.S.A., Inc., to comply with certain discovery requests pursuant to CPLR 3124.

Ordered that the order is affirmed insofar as appealed from, with costs.

To the extent that the plaintiff seeks to compel the defendant Home Depot U.S.A., Inc. (hereinafter Home Depot), to produce certain documents which are allegedly material and necessary to its prosecution of this action, its request has been rendered academic by the dismissal of its complaint against

Home Depot (*see Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 458 [decided herewith]). Furthermore, we reject the plaintiff's contention that the documents it seeks, as well as a deposition of a Home Depot representative, are necessary to defend the counterclaim asserted against it by Home Depot. "While CPLR 3101 (a) provides for full disclosure of all evidence material and necessary to the prosecution or defense of an action, unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court's broad discretion" (*Blagrove v Cox*, 294 AD2d 526; *see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406). Here, the plaintiff previously conducted an extensive deposition of a Home Depot representative and obtained disclosure of relevant documents during the litigation of a prior related action. Since the plaintiff failed to show that additional discovery is material and necessary to its defense of Home Depot's counterclaim, the Supreme Court providently exercised its discretion in denying its motion to compel Home Depot to comply with its allegedly outstanding disclosure requests (*see* CPLR 3101 [a]; *Miller v Kings Highway Hosp.*, 225 AD2d 532). Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.