[756 NYS2d 536]

CITY OF NEW YORK et al., Appellants, v KEENE CORPORATION et al., Defendants, and BASIC, INC., Respondent.

CITY OF NEW YORK et al., Appellants, v AAER SPRAYED INSULATIONS, INC., a DIVISION of ROGERS INSULATING & ROOFING COMPANY, INC., et al., Defendants, and BASIC, INC., Respondent.

CITY OF NEW YORK, Appellant, v AAER SPRAYED INSULATIONS, INC., a DIVISION of ROGERS INSULATING & ROOFING COMPANY, INC., et al., Defendants, and BASIC, INC., Respondent.

First Department, March 11, 2003

**APPEARANCES OF COUNSEL**

*Jane L. Gordon* of counsel (*Pamela Seider Dolgow, Edward F.X. Hart* and *Alan H. Kleinman* on the brief; *Michael D. Hess* and *Michael A. Cardozo, Corporation Counsel,* New York City, attorneys), for appellants.

*Steven A. Weiner* of counsel (*Picillo Caruso O'Toole,* attorneys), for respondent.

**OPINION OF THE COURT**

LERNER, J.

■ At issue is whether the principle enunciated by this Court in *City of New York v Corwen* (164 AD2d 212 [1990]), that a municipality absolutely waives its public interest/governmental privilege when it commences an action, should be superseded by a fact-specific balancing assessment in which a municipality's status as a plaintiff is merely one factor to be considered (*see Matter of World Trade Ctr. Bombing Litig.*, 93 NY2d 1 [1999]; *Cirale v 80 Pine St. Corp.*, 35 NY2d 113 [1974]). We answer in the affirmative and conclude that whether a public interest/governmental privilege attaches is a fact-specific determination requiring a court to balance a litigant's need for information against the municipality's duty to protect the public good.

In these three consolidated actions against a number of manufacturers and distributors of asbestos, plaintiffs, City of New York and The Board of Education of the City School District of the City of New York (collectively the City) sought

to recover the costs of abating asbestos installed in public schools and other facilities prior to 1985. The City seeks to recover such costs under the theories of, inter alia, negligence, strict products liability, indemnity and restitution.

In the course of discovery, the City turned over voluminous records, preserving objections to relevance and privilege. A dispute arose, however, over documents sought by defendants as to which the City invoked the public interest privilege. Each disputed document contains predecisional, intragovernmental discussions which resulted in the issuance of the final document. In each instance, the City provided the final document to defendants. The City also furnished a privilege log enumerating several classes of documents. Among those classes of documents were (1) drafts of proposed amendments to City regulations governing the monitoring and control of asbestos during the abatement process (the regulation documents) and (2) the internal documents regarding the City Comptroller's audit of the asbestos abatement program (the audit documents).

The matter was subsequently submitted to a Special Referee who concluded in his report that the public interest privilege was "categorically inapplicable" where the municipality is a plaintiff in the litigation, citing *City of New York v Corwen* (*supra*). Alternatively, the Special Referee reasoned that even if the privilege were available, the City failed to demonstrate any discernible harm to the public interest if the disputed documents were produced. Furthermore, an in camera review of the voluminous documents was deemed unnecessary under the facts of the case as it would serve only to further delay discovery. By order entered May 17, 2000, the IAS court, inter alia, confirmed the Referee's denial of the City's request for a protective order based on the public interest/governmental privilege.

Although the IAS court's categorical exclusion of the privilege was in accord with our rigid holding of *City of New York v Corwen* (*supra*), we now conclude that *Corwen* is no longer viable and follow the more flexible, fact-specific balancing approach enunciated by the Court of Appeals in *Matter of World Trade Ctr. Bombing Litig.* (93 NY2d 1) and *Cirale v 80 Pine St. Corp.* (35 NY2d 113):

"[T]he balancing that is required goes to the determination of the harm to the overall public interest. Once it is shown that disclosure would be more harmful to the interests of the government than the interests of the party seeking the information, the overall public interest on balance would then be

better served by nondisclosure." (*Cirale v 80 Pine St. Corp.*, *supra* at 118.)

The municipality's mere status as a plaintiff is not dispositive, but merely a factor for a court to consider in determining whether the privilege may be invoked in a particular situation. Only upon a judicial determination, after balancing the needs of the litigants, that the information sought is not privileged, should the court address the issue of whether the information is relevant (*see Matter of World Trade Ctr. Bombing Litig.*, *supra* at 12; *Cirale v 80 Pine St. Corp.*, *supra* at 117).

■ Applying the foregoing balancing criteria to the instant matter, we find the City's conclusory assertion of only a general harm to the public good were the disputed documents to be disclosed is insufficient to invoke the privilege (*see Cirale v 80 Pine St. Corp.*, *supra* at 118-119). The City's failure to make a specific factual showing that the need for confidentiality outweighed the need for disclosure rendered an in camera review of the disputed documents unnecessary. Given this prima facie failure of any factual proof of harm to the public good, protective relief is not warranted despite defendant-respondent's relatively weak showing of relevance with respect to the audit documents. However, the City's motives for promulgating its asbestos regulations are completely irrelevant to any issue in the case.

Accordingly, the order of the Supreme Court, New York County (Stanley Sklar, J.), entered May 17, 2000, insofar as appealed from as limited by the briefs, denying the City's motion to vacate the report of the Special Referee which denied a protective order on the ground of public interest/governmental privilege, should be modified, on the law and the facts, to reject the Referee's report and grant the protective order only with respect to the documents pertaining to the City's 1988 adoption of asbestos abatement regulations, and otherwise affirmed, without costs.

ANDRIAS, J.P., ELLERIN, FRIEDMAN and MARLOW, JJ., concur.

Order, Supreme Court, New York County, entered May 17, 2000, modified, on the law and the facts, to reject the Referee's report and grant the protective order only with respect to the documents pertaining to the City's 1988 adoption of asbestos abatement regulations, and otherwise affirmed, without costs.