RAJEEV VYAS et al., Appellants, v EDGAR P. CAMPBELL, Respondent. [771 NYS2d 375]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 13, 2003, as denied that branch of their motion which was to strike the defendant's answer unless the defendant complied with a certain discovery demand.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 13, 2001, at 6:35 P.M., the defendant, an attorney who had recently concluded a deposition, was on his way to visit his daughter when his car collided head-on with a vehicle driven by the plaintiff Rajeev Vyas in which the plaintiff Sharon Malia was a passenger. During the course of the ensuing personal injury action, the plaintiffs demanded that the defendant produce a copy of his "business diary in complete form for March 13, 2001." The Supreme Court denied that branch of the plaintiffs' motion which was to strike the defendant's answer unless he complied with the discovery demand. The Supreme Court held that the plaintiffs had other means by which to

discover the information that they were seeking. We affirm on the ground that there was no indication of what it is the plaintiffs are seeking to discover, and that there was no showing that disclosure of this portion of the defendant's "business diary" is "material and necessary" (CPLR 3101 [a]).

In support of the plaintiffs' motion to strike the defendant's answer unless the defendant complied with their notice to produce his "business diary" for March 13, 2001, the plaintiffs' attorney merely speculated that something in the diary might support the hypothesis that the defendant was suffering from fatigue at the time of the accident. While the "material and necessary" standard set forth in CPLR 3101 (a) is to be liberally construed (*see Shanahan v Bambino,* 271 AD2d 519 [2000]), this does not mean that litigants have carte blanche to demand production of whatever documents they speculate might contain something helpful. "It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims" (*Crazytown Furniture v Brooklyn Union Gas Co.,* 150 AD2d 420, 421 [1989]; *see* Siegel, NY Prac § 345; CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403 [1968]; *Herbst v Bruhn,* 106 AD2d 546 [1984]; *see also Andon v 302-304 Mott St. Assoc.,* 94 NY2d 740, 746 [2000]; *Palermo Mason Constr. v AARK Holding Corp.,* 300 AD2d 460 [2002]).

There was no abuse or improvident exercise of the broad discretion afforded to the Supreme Court in its supervision of disclosure (*see e.g., Andon v 302-304 Mott St. Assoc., supra* at 746; *Palermo Mason Constr. v AARK Holding Corp., supra; Besicorp Group v Enowitz,* 268 AD2d 846, 849 [2000]). Therefore, we affirm the order insofar as appealed from. Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.