GUILLERMO ACOSTA et al., Appellants, v PETROS HADJIGAVRIEL et al., Respondents. [775 NYS2d 179]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Rosenberg, J.), dated June 10, 2003, which, inter alia, denied those branches of their motion which were to compel the further deposition of the defendant Kris Hadjigavriel and the deposition of a nonparty, Thalia Hadjigavriel, and, in effect, denied that branch of their motion which was to extend the time to file a note of issue, and (2) an order of the same court, also dated June 10, 2003, which granted the defendants' cross motion to change the venue of the action from Kings County to Nassau County.

Ordered that the first order dated June 10, 2003, is modified by deleting the provision thereof, in effect, denying that branch of the plaintiffs' motion which was to extend the time to file a note of issue and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the plaintiffs shall file their note of issue within 30 days of the date of this decision and order; and it is further,

Ordered that the second order dated June 10, 2003, is reversed, on the law, without costs or disbursements, and the cross motion is denied; and it is further,

Ordered that the Clerk of the Supreme Court, Nassau County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to depose a nonparty, Thalia Hadjigavriel. The plaintiffs failed to show that such deposition was material and necessary to the prosecution of the action (*see* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403 [1968]; *Vyas v Campbell*, 4 AD3d 417 [2004]; *Palermo Mason Constr. v Aark*, 300 AD2d 460 [2002]; *Kopec v City of New York*, 248 AD2d 513 [1998]; *Defina v Brooklyn Union Gas Co.*, 217 AD2d 681 [1995]).

The Supreme Court improvidently exercised its discretion in granting the defendants' cross motion to change the venue of this action based on the plaintiffs' alleged designation of an improper county, as the defendants did not move promptly for a change of venue after ascertaining the alleged true residence of the plaintiffs (*see Runcie v Cross County Shopping Mall*, 268 AD2d 577 [2000]; *cf. Buziashvili v Ryan*, 264 AD2d 797 [1999]).

Under the circumstances presented, the Supreme Court should have granted that branch of the plaintiffs' motion which was for an extension of time to file their note of issue.

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.