■ COLGATE SCAFFOLDING & EQUIPMENT CORP. et al., Appellants, v YORK HUNTER CITY SERVICES, INC., et al., Respondents, et al., Defendants. [787 NYS2d 305]—

Order, Supreme Court, New York County (Paula J. Omansky, J.), entered September 12, 2003, which denied plaintiffs' motion to strike the answer of defendant New York City School Construction Authority (SCA) or, in the alternative, to compel SCA to produce documents, unanimously reversed, on the law, without costs, the disposition of the motion vacated, and the matter remanded to Supreme Court to review the requested documents in camera and redact confidential information and personal information not factually relevant to plaintiffs' case.

This class action alleges that funds required to be segregated pursuant to the trust imposed by article 3-A of the Lien Law for the benefit of "subcontractors, materialmen and laborers" (*see Tri-City Elec. Co. v People*, 96 AD2d 146, 149 [1983], *affd* 63 NY2d 969 [1984]) were diverted by the SCA, York Hunter and certain of York Hunter's employees and agents. The action was brought by Colgate Scaffolding on behalf of itself and all other potential beneficiaries of the statutory trust (*see Canron Corp. v City of New York*, 89 NY2d 147, 153 [1996], citing *Caristo Constr. Corp. v Diners Fin. Corp.*, 21 NY2d 507, 512 [1968]).

Plaintiffs sought documents relating to several contracts for which York Hunter functioned as construction manager, includ-

ing documents generated by SCA's Inspector General in connection with the investigation of York Hunter. A preliminary conference stipulation and order, signed by counsel, gave SCA 30 days to make the documents available for inspection. However, the Authority took the position that documents produced by the Office of the Inspector General are protected by the law enforcement privilege and the public interest privilege. Defendant York Hunter asserted that it provided records to the New York City Department of Investigation with the understanding that the information would be treated as confidential. Supreme Court denied the request for the documents citing the ongoing criminal investigation.

As noted in *Cirale v 80 Pine St. Corp.* (35 NY2d 113, 118 [1974]), "Public interest encompasses not only the needs of the government, but also the societal interests in redressing private wrongs and arriving at a just result in private litigation." Therefore, to avoid abuse of the privilege, specific support is required to invoke it (*id.*; *see also Matter of World Trade Ctr. Bombing Litig.*, 93 NY2d 1, 8 [1999]). Defendants' broad, conclusory assertion that confidentiality is necessary to the pending investigation and vital to public safety because it encourages potential witnesses to provide information to the Inspector General is insufficient (*see City of New York v Keene Corp.*, 304 AD2d 119, 122 [2003]). No potential harm is identified, such as a threat to public security or danger to a confidential informant (*cf. World Trade Ctr.*, 93 NY2d at 6 [possible vulnerabilities of security systems]; *Brady v Ottaway Newspapers*, 97 AD2d 451, 452 [1983], *affd* 63 NY2d 1031 [1984] [disclosure "could subject sources to reprisals"]). Neither has the requested information been provided in alternate form (*see Brathwaite v State of New York*, 208 AD2d 231, 233 [1995]; *Martin A. v Gross*, 194 AD2d 195, 203 [1993]; *One Beekman Place v City of New York*, 169 AD2d 492, 494 [1991]).

As to the law enforcement privilege, defendants have merely alluded to the need "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation" (*In re Department of Investigation of City of N.Y.*, 856 F2d 481, 484 [2d Cir 1988]). This privilege is qualified and must be balanced with the substantial need for the information sought (*Borchers v Commercial Union Assur. Co.*, 874 F Supp 78, 80 [SD NY 1995]). While plaintiffs have demonstrated the need for disclosure, defendants have identified an interest in preserving

the efficacy of investigative methods. Where a governmental interest is implicated—here, the need to encourage potential witnesses to come forward with information—in camera review of the material sought is particularly appropriate to determine if redaction is required to protect a legitimate law enforcement interest (*id.* at 79). Concur—Tom, J.P., Andrias, Saxe, Williams and Sweeny, JJ.