In the Matter of MONTGOMERY GROUP, LLC, Respondent, v TOWN OF MONTGOMERY et al., Appellants. [816 NYS2d 482]—

In a hybrid proceeding pursuant to CPLR article 78 to compel the Planning Board of the Town of Montgomery to issue Montgomery Group, LLC, a special exception use permit and site plan approval, and an action, inter alia, to recover damages for alleged violations of 42 USC § 1983, the Town of Montgomery, the Town Board of the Town of Montgomery, Albert Valk, Mark Hoyt, Daniel S. Dempsey, Jr., Nick D'Angelo, the Planning Board of the Town of Montgomery, and Anthony Trapini appeal (1) from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated October 6, 2004, which granted the motion of Montgomery Group, LLC, inter alia, to compel the production of certain documents and for an award of an attorney's fee, and denied their cross motion to impose a sanction upon Montgomery Group, LLC, (2), as limited by their brief, from so much of an order of the same court also dated October 6, 2004, as, in effect, denied that branch of their motion which was for leave to serve and file a late motion for summary judgment, (3) from an order of the same court dated December 6, 2004, which granted the motion of Montgomery Group, LLC, to hold them in contempt, and (4), as limited by their brief, from so much of an order of the same court dated March 17, 2005, as conditionally granted that branch of the motion of Montgomery Group, LLC, which was for leave to enter a default judgment, denied their cross motion pursuant to CPLR 3211 (a) (7) to dismiss the second amended combined petition and complaint, and denied their cross motion to impose a sanction upon Montgomery Group, LLC.

Ordered that the first order dated October 6, 2004, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith; and it is further,

Ordered that the second order dated October 6, 2004 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated December 6, 2004 is reversed, on the law, without costs or disbursements, and the motion is denied; and it is further,

Ordered that the order dated March 17, 2005 is modified, on the law, by deleting the provision thereof conditionally granting that branch of the motion of Montgomery Group, LLC, which was for leave to enter a default judgment, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the petitioner's contention, the appellants' claim of public interest privilege was not unfounded in law (see Matter of World Trade Ctr. Bombing Litig., 93 NY2d 1 [1999]; Cirale v 80 Pine St. Corp., 35 NY2d 113 [1974]; One Beekman Place v City of New York, 169 AD2d 492 [1991]). Moreover, it does not appear, on this record, that the appellants expressly waived such claim, or that the court properly considered it before issuing its first order dated October 6, 2004, compelling production of the disputed documents. Under the circumstances presented, we find that the Supreme Court improvidently exercised its discretion by granting the petitioner's motion to compel without giving due consideration to the appellants' specific privilege claims, including, if necessary, by conducting an in camera review of the documents listed on the appellant's privilege logs. Relatedly, the court improvidently exercised its discretion in granting that branch of the petitioner's subsequent motion which was to hold the appellants in civil contempt based, inter alia, on their failure to turn over the allegedly privileged documents, and in conditionally granting that branch of the petitioner's subsequent motion which was for leave to enter a default judgment against the appellants based, again, on their failure to produce the allegedly privileged documents. Accordingly, the matter must be remitted to the Supreme Court, Orange County, for a proper determination of the appellants' privilege claims.

The Supreme Court properly denied the appellants leave to serve and file a late motion for summary judgment, as the appellants failed to give a satisfactory explanation for their delay (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648, 652 [2004]). The Supreme Court also properly denied the appellants' subsequent cross motion pursuant to CPLR 3211 (a) (7) to dismiss the second amended combined petition and complaint (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).

The appellants' remaining contentions are without merit. Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.