■ Edwin A. Smith, Appellant, v David P. Moore et al., Respondents. [818 NYS2d 603]—

In an action, inter alia, for a judgment declaring the validity of an easement, the plaintiff appeals, as limited by his brief, from so much of an amended order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated November 5, 2004, as granted the defendants' cross motion for a protective order pursuant to CPLR 3103 prohibiting him from taking certain nonparty depositions.

Ordered that the amended order is affirmed insofar as appealed from, without costs or disbursements.

"While CPLR 3101 (a) provides for full disclosure of all evidence material and necessary to the prosecution or defense of an action, unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court's broad discretion" (*Blagrove v Cox,* 294 AD2d 526 [2002]). Here, the Supreme Court properly determined that the nonparty depositions sought by the plaintiff were neither material nor necessary to the prosecution of the action, or to the plaintiff's defense of counterclaims asserted by the defendants (*see Acosta v Hadjigavriel,* 6 AD3d 636, 637 [2004]; *Palermo Mason Constr. v Aark Holding*

*Corp.*, 300 AD2d 460, 461 [2002]). Additionally, the plaintiff failed to show that circumstances existed warranting discovery from nonparty witnesses (*see* CPLR 3101 [a] [4]; *Matter of Lutz v Goldstone,* 31 AD3d 449 [2006]).

Accordingly, the Supreme Court properly granted the defendants' cross motion for a protective order prohibiting the plaintiff from conducting the challenged depositions. Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.