■ KARLENE BECKLES, Respondent, v KINGSBROOK JEWISH MEDICAL CENTER, Appellant, et al., Defendant. [830 NYS2d 203]—

In an action, inter alia, to recover damages for discrimination based on race in violation of Executive Law § 296, the defendant Kingsbrook Jewish Medical Center appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated April 26, 2006, which granted the plaintiff's oral application to direct it to produce documents relating to the qualifications of more than 100 employees.

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the plaintiff's oral application is denied.

CPLR 3101 (a) provides for full disclosure of all evidence which is material and necessary in the prosecution or defense of an action (*see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403 [1968]; *Smith v Moore*, 31 AD3d 628 [2006]; *Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 460 [2002]). However, "unlimited disclosure is not required" (*Smith v Moore, supra* at 628 [internal quotation marks omitted]; *see Palermo Mason Constr. v Aark Holding Corp., supra*), and "[i]t is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence" (*Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d 420, 421 [1989]; *see Acosta v Hadjigavriel*, 6 AD3d 636 [2004]; *Vyas v Campbell*, 4 AD3d 417 [2004]).

Here, the Supreme Court improvidently exercised its discretion in granting the plaintiff's oral application to direct the defendant hospital to produce documents relating to the qualifications of more than 100 employees who held positions as managers, directors, and supervisors. Although evidence relating to whether the plaintiff was paid less than white employees for work involving the same amount of skill, effort, and responsibility is relevant to her racial discrimination claim (*see generally Matter of Classic Coach v Mercado*, 280 AD2d 164, 170 [2001]), she made no showing that the employees whose records she sought were white, and/or that they were assigned to jobs involving a level of skill, effort, and responsibility comparable to her own work assignment. Under these circumstances, the plaintiff failed to demonstrate that the documents she sought were indeed material and relevant to the prosecution of this action, and the court should not have ordered the disclosure. Miller, J.P., Spolzino, Krausman, Fisher and Dillon, JJ., concur.