■ In the Matter of KIERAN CROWE, Respondent, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Appellants. [835 NYS2d 4]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered November 15, 2005, directing respondent New York Police Department (NYPD) to provide petitioner with certified copies of specified confidential documents, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed. Appeal from order, same court and Justice, entered on or about September 16, 2005, unanimously dismissed, without costs, as superseded by the appeal from the judgment.

Petitioner, a lieutenant and 20-year veteran with the NYPD, was served with four disciplinary charges and specifications based on allegations made by two of the sergeants he supervised. He entered pleas of not guilty to these charges and invoked his right to a hearing.

Petitioner asked the NYPD prosecutor assigned to the case to produce disciplinary records of these respondent sergeants involving misconduct unrelated to this matter. Petitioner learned about these disciplinary actions against respondent sergeants in his capacity as their supervisor. At the direction of the Deputy Commissioner of Trials, petitioner made a formal motion for production of these records. After reviewing the motion and opposition filed by the NYPD prosecutor, the Deputy Commissioner denied the motion on the ground that he had no authority to set aside the confidentiality provisions of Civil Rights Law § 50-a as they applied to these records. The Deputy Commissioner further determined that only a "lawful court," not an administrative tribunal, could order disclosure of the records sought.

Thereafter, petitioner commenced this proceeding to compel the NYPD to produce the sergeants' disciplinary records. The municipal respondents cross-moved to dismiss the petition, alleging, inter alia, that petitioner failed to exhaust his administrative remedies, and that the petition failed to state a cause of action in that the administrative tribunal had no authority to review and release the records. Respondents also argued that petitioner did not show any factual predicate for his request for disclosure, and that the files were not material and relevant to the issues being litigated in petitioner's own underlying disciplinary action.

On September 16, 2005, the IAS court directed the NYPD to produce the sergeants' disciplinary files for in camera inspection. The sergeants did not stay the in camera review, following which the court issued the judgment directing NYPD to produce certain records from the sergeants' disciplinary files for use at

petitioner's administrative hearing. The municipal and individual respondents filed separate notices of appeal from this judgment.

Initially, we note that respondents' arguments regarding petitioner's failure to exhaust his administrative remedies and the unavailability of mandamus or prohibition are without merit. Petitioner initially sought production of the sergeants' disciplinary records within the parameters of the administrative proceeding brought against him. The Deputy Commissioner properly determined these records fell within the ambit of the confidentiality provisions of Civil Rights Law § 50-a, which he had no authority to set aside. Petitioner then had only one option to pursue, i.e., a proceeding to obtain a court order for the production of those records utilizing the procedure set forth in section 50-a. There were no other administrative remedies available.

Moreover, petitioner is not seeking either mandamus to compel the Deputy Commissioner to perform an act within his authority, or prohibition to prevent him performing an act outside his authority. This is a collateral proceeding brought in the only forum available pursuant to statute to obtain the disciplinary records petitioner seeks. The IAS court thus properly entertained petitioner's application.

In order to overcome the confidentiality requirements applicable to the personnel records of police officers, firefighters and certain other civil servants, a two-step process is required. The court to whom such application for disclosure is made must conduct a hearing on the application, giving all interested parties an opportunity to be heard. The party requesting disclosure has the initial burden of making "a clear showing of facts sufficient to warrant the judge to request records for review" (Civil Rights Law § 50-a [2]; *Telesford v Patterson*, 27 AD3d 328, 330 [2006]). At the conclusion of the hearing, if the requisite showing is made, the court can order that the records be sealed and delivered to it. After conducting an in camera inspection, the court must make a finding that such records, or portions thereof, are "relevant and material" to the underlying action before it can release those records to the person requesting them (Civil Rights Law § 50-a [3]).

Petitioner demonstrated that both respondent sergeants had been disciplined for, inter alia, deceitful conduct, thus sustaining his burden of showing facts warranting an in camera review of their personnel records. The court conducted such a review and found "[n]othing . . . pertinent to the charges or allegations made by the Sergeants against the petitioner. However,

several documents in the records of both Coppola and Gallagher do reflect upon the Sergeants' trustworthiness and arguably would be relevant to their credibility and reliability as witnesses." Those documents were ordered released by the court.

The documents in question have no direct bearing on any issue in the case other than the credibility of the sergeants. The misconduct in question, if proven, merely shows that the sergeants "had acted deceitfully on a prior *unrelated* occasion" and is therefore collateral (*Badr v Hogan*, 75 NY2d 629, 635 [1990]). As a result, while the sergeants may be cross-examined on these matters, the cross-examiner cannot refute those respondents' answers with other witnesses or by producing extrinsic evidence (*id.*; Prince, Richardson on Evidence § 6-305 [Farrell, 11th ed]).

The sole use of the sergeants' disciplinary records would be as extrinsic evidence to contradict or refute any false or evasive testimony they may give when questioned on cross-examination regarding these prior acts of misconduct to impeach their credibility, and thus fall squarely within the collateral evidence rule. Even though there are occasions and circumstances when the rules of evidence have not been strictly applied in disciplinary proceedings (*see e.g. Matter of Ayala v Ward*, 170 AD2d 235 [1991], *lv denied* 78 NY2d 851 [1991]), such is not the case here. Petitioner, as the sergeants' supervisor, already has sufficient knowledge of the facts surrounding the prior acts of misconduct that can be adduced during cross-examination. Under these circumstances, the protections afforded to disciplinary records should not be set aside (*see Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 155 [1999]). Concur— Tom, J.P., Saxe, Sweeny, Malone and Kavanagh, JJ.