■ JEANINE JEAN et al., Appellants, v CITY OF NEW YORK et al., Respondents. [836 NYS2d 295]—

In an action, inter alia, to recover damages for alleged deprivation of civil rights pursuant to 42 USC § 1983, the plaintiffs appeal (1) from stated portions of an order of the Supreme Court, Kings County (Jacobson, J.), dated March 8, 2006, which,

inter alia, denied that branch of their motion which was for an in camera examination of the confidential informant allegedly relied upon to secure a "no knock" warrant to enter the premises of their apartment and related relief and (2) as limited by their brief, from so much of an order of the same court dated August 25, 2006, as (a) denied that branch of their motion which was to compel production of the conviction history of the confidential informant, including but not limited to the penal code sections, dates of conviction, time served under each conviction, and the name of the judge imposing a sentence of conviction, and (b) granted that branch of their motion which was to compel production of any memorandum reflecting New York City Police Department policy concerning obtaining and executing "no knock" warrants for the period January 1, 1995, to the present, only to the extent of directing the defendants to produce any memorandum in existence from the period May 7, 1996, through May 7, 1998.

Ordered that the order dated March 8, 2006, is modified, on the law, by deleting the provision thereof denying that branch of the appellants' motion which was for an in camera examination of the confidential informant allegedly relied upon to secure a "no-knock" warrant to enter the appellants' apartment, and related relief, and substituting therefor a provision granting that branch of the motion to the extent of directing an in camera examination of the confidential informant allegedly used to secure a "no-knock" warrant to enter the appellants' apartment, and otherwise denying that branch of the motion; as so modified, the order dated March 8, 2006, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that the order dated August 25, 2006, is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in denying that branch of the plaintiffs' motion which was for an in camera examination of the confidential informant, since the evidence was insufficient to establish the inapplicability of the *Aguilar-Spinelli* test (*see Aguilar v Texas*, 378 US 108 [1964]; *Spinelli v United States*, 393 US 410 [1969]; *People v Taylor*, 73 NY2d 683 [1989]; *see also* CPL 690.40 [1]), and a weighing of the competing interests tips the scales in favor of disclosure (*see Matter of World Trade Ctr. Bombing Litig.*, 93 NY2d 1 [1999]; *Cirale v 80 Pine St. Corp.*, 35 NY2d 113 [1974]; *see also Matter of Montgomery Group, LLC v Town of Montgomery*, 29 AD3d 585 [2006]; *Colgate Scaffolding & Equip. Corp. v York Hunter City Servs., Inc.*, 14 AD3d 345 [2005]).

The plaintiffs' remaining contentions are either academic in light of our determination or without merit. Rivera, J.P., Florio, Dillon and Carni, JJ., concur.