■ Jennifer Espady, an Infant, by Her Mother and Natural Guardian, Amerite Espady, et al., Respondents, v City of New York et al., Appellants. [839 NYS2d 4]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered November 2, 2005, which, in an action for violation of civil rights and false arrest arising out of the execution of a no-knock warrant, directed defendants to disclose certain material and produce particular individuals for deposition, unanimously modified, on the law, the facts and in the exercise of discretion, defendants' cross motion for a protective order granted regarding disciplinary records, reprimands, complaints and investigations as to any police officers involved in this matter, identifying data on any confidential informant redacted, demand for any documents not within the possession of defendants stricken, the right to depose Assistant District Attorney Chassen and members of the Emergency Service Unit denied, the matter remanded for an in camera hearing on any material requested that defendants claim is protected from disclosure by public interest or law enforcement privilege, and otherwise affirmed, without costs. Order, same court (Janice L. Bowman, J.), entered on or about March 27, 2006, which modified the prior order to the extent of directing the deposition of a certain confidential informant, unanimously reversed, on the law, without costs, and the demand for that deposition denied.

This lawsuit was commenced to recover damages arising out of an unfruitful raid on plaintiffs' premises that was executed pursuant to a no-knock warrant purportedly procured on infor-

mation from a confidential informant. Plaintiffs demanded extremely broad disclosure and the deposition of virtually everyone involved in obtaining the search warrant or who participated in its execution, which was granted in its entirety by the motion court. Notwithstanding that "New York's discovery provisions have been liberally construed to favor disclosure, 'litigants are not without protection against [their] unnecessarily onerous application' " so that the need for discovery must be weighed against any special burden to be borne by the opposing party (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 747 [2000]). "While discovery determinations rest within the sound discretion of the trial court, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (*id.* at 745).

Plaintiffs herein should certainly be provided with copies of any affidavits used to procure a search warrant for their premises, an inventory of the items to be searched and seized, and a transcript of the proceedings before the court that authorized the warrant, plus a copy of all documents, in whatever form, that relate to the search itself and the underlying investigation insofar as they are within the possession of the Police Department. However, since the Bronx District Attorney, who is not a party to this action, is not under the control of the City of New York, defendants cannot be expected to produce documents prepared or maintained by any prosecutors or to compel the deposition of such prosecutors (*see Placede v City of New York*, 210 AD2d 18, 19 [1994]).

Defendants persuasively maintain that any personnel or disciplinary records, reprimands, complaints and investigations of the police officers and prosecutors involved in any manner with this matter are protected under Civil Rights Law § 50-a, and plaintiffs have failed to satisfy their initial burden that would warrant even an in camera review of whether they are entitled to access to any of such material (*see Matter of Crowe v Kelly*, 38 AD3d 435 [2007]; *Telesford v Patterson*, 27 AD3d 328, 330 [2006]). The public clearly has a compelling interest to maintain the anonymity of informants so as to protect their safety and encourage citizens to report unlawful activity, and the Court of Appeals has recognized the existence of a public interest privilege "in certain official confidential information in the care and custody of governmental entities" (*Matter of World Trade Ctr. Bombing Litig.*, 93 NY2d 1, 8 [1999]). At the very least, the motion court should have conducted an in camera hearing as to whether plaintiffs' interest in obtaining disclosure

outweighs defendants' interest in preserving the confidentiality of this material (*see Matter of Chebere v Johnson,* 3 AD3d 365 [2004], *lv dismissed* 2 NY3d 778 [2004]).

To the extent that defendants claim a law enforcement privilege with regard to any material that may implicate a government interest, an in camera review of the material sought would also be appropriate (*see Colgate Scaffolding & Equip. Corp. v York Hunter City Servs., Inc.,* 14 AD3d 345, 346-347 [2005]). As for the depositions demanded by plaintiffs, not only is there no indication that the confidential informant is within the City's control, but the court that issued the search warrant personally heard the informant's sworn testimony and determined that probable cause existed therefor. Plaintiffs will, in that respect, have an opportunity to examine the transcript of the proceedings before that court, and they have not established any reason to know his identity or personally question him.

Finally, plaintiffs have not shown any purpose to be served by enabling them to depose the members of the Emergency Service Unit in the absence of any indication that these police officers could provide noncumulative material evidence. Concur—Saxe, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.