— In an action, inter alia, to recover damages for defamation and unlawful termination in violation of Labor Law § 740, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Cozzens, J.), dated June 20, 2007, which granted the plaintiffs’ motion to compel the defendant William Murphy to appear for a deposition, and denied their cross motion for a protective order vacating the notices to take depositions of Mary Lou Pinto and Steven Donnelly, and (2) an order of the same court dated October 31, 2007, which denied their motion for leave to reargue.
Ordered that the appeal from the order dated October 31, 2007 is dismissed, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order dated June 20, 2007 is affirmed; and it is further,
*608 Ordered that one bill of costs is awarded to the plaintiffs.
Pursuant to CPLR 3101 (a), “full disclosure of all matter material and necessary in the prosecution or defense of an action” is required. The phrase “material and necessary” should be “interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000]; Auerbach v Klein, 30 AD3d 451, 451-452 [2006]).
Here, the defendants contend that the Supreme Court erred in compelling deposition testimony and in denying a protective order. However, the plaintiffs demonstrated that the depositions are reasonably calculated to result in the disclosure of facts necessary to prosecute their case (see Beckles v Kingsbrook Jewish Med. Ctr., 36 AD3d 733 [2007]; Vyas v Campbell, 4 AD3d 417, 418 [2004]; Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421 [1989]). Skelos, J.P., Fisher, Dickerson and Helen, JJ., concur.