*696 OPINION OF THE COURT
Sylvia G. Ash, J.
In this action, the plaintiff, Joel Zabala, alleges that he sustained personal injuries when he was, among other things, arrested by officers from the New York City Police Department on March 8, 2009. Plaintiff asserts, inter alia, claims of false arrest, false imprisonment, malicious prosecution, assault and battery.
Pursuant to an order dated March 30, 2011, defendant City has provided for in camera inspection by the court, the Civilian Complaint Review Board (CCRB) and Internal Affairs Bureau (IAB) records related to the investigation of the subject incident. The City also provided the CCRB records for each named defendant officer pertaining to substantiated allegations of use of excessive force and failure to intervene to prevent use of excessive force for the 10 years prior to and including the date of the alleged incident. Defendants are awaiting receipt of the LAB records of same and will submit them upon receipt.
Defendant’s position is that these documents are not relevant to plaintiff’s claims. In the alternative, defendant argues, without any specificity, that various privileges protect all of the documents from discovery.
Where an action is brought in state court pursuant to 42 USC § 1983, discovery of police personnel files is governed by federal rules (Mann v Alvarez, 242 AD2d 318, 320 [2d Dept 1997]). The discoverability of police records in federal civil rights actions is addressed in King v Conde (121 FRD 180, 188 [ED NY 1988]), which sets forth the applicable procedure governing discovery disputes regardless of the privilege asserted. As described in King:
“The party seeking to invoke the privilege bears the burden of justifying its application. The government must specify which documents or class of documents are privileged and for what reasons. This threshold showing must explain the reasons for nondisclosure with particularity, so that the court can make an intelligent and informed choice as to each requested piece of information. Unless the government, through competent declarations, shows the court what interests [of law enforcement or privacy] would be harmed, how disclosure under a protective order would cause the harm, and how much harm there would be, the court cannot conduct a meaningful *697 balancing analysis. If the police make no such showing, the court has no choice but to order disclosure” (id. at 189 [citations and internal quotation marks omitted]).
Furthermore, these objections to disclosure must be accompanied by a declaration or affidavit from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit which explains how the subject materials were generated, how they have been kept confidential, and what specific interests would be harmed by disclosure (id.). This procedure is meant to discourage applications for nondisclosure in all but deserving cases (id.).
In the case at bar, defendant has essentially made a pro forma application without delineating which privilege applies to which set of documents or the specific harm that would accrue to the City as a result of disclosure. In asserting the law enforcement privilege, defendant merely states that the documents “may contain private and highly sensitive information concerning nonparty civilian witnesses, defendant officers and nonparty officers” and in order to “maintain the integrity of nonparty CCRB’s investigations into civilian complaints, everyone needs to know that the information they provide will be kept confidential.” The court finds that defendant has not properly objected to the disclosure of the CCRB/IAB records and finds its statements insufficient to invoke the various privileges that it asserts.
As in the majority of these in camera submissions, the City makes a pro forma objection to the disclosure of the entire file of records without reviewing them to determine whether a genuine issue of disclosure exists. It is not enough for the City to simply turn over the files to the court, which usually consist of hundreds of pages of documents, and expect the court to go through each document to determine what information is privileged, highly sensitive or not subject to disclosure. Where disclosure of the whole file or portions of the file is objectionable, the City should demonstrate why the files are objectionable and present their arguments thereto. This is not the role for the court. The court should not have to undertake the toilsome task of inspecting numerous records and documents to determine which records and documents are discoverable. The responsibility should be on the City to identify those records and documents and to explain to the court why they are not relevant to the plaintiff’s claims or why they are deemed to be *698 privileged and protected from discovery. The court’s role is to resolve issues, not find issues to resolve.
Moreover, it is now commonplace for courts to require production of CCRB/IAB files relating to both substantiated and unsubstantiated allegations of similar conduct (see e.g. Young v City of New York, 2010 WL 3938372, *1, 2010 US Dist LEXIS 107208, *3 [SD NY Oct. 7, 2010]; Gibbs v City of New York, 2008 WL 314358, *1, 2008 US Dist LEXIS 8111, *1 [ED NY Feb. 4, 2008]). Production of these files, without information delineating with specificity which documents should not be disclosed, requires full disclosure without any further review by the court. The court is mindful that information entailing substantial privacy interests may be in the file, as such, pro forma objections, without more, may result in such confidential or sensitive information being disclosed. Therefore, the court directs the City to examine its practice and make appropriate changes.
Based on the foregoing, the court finds that the submitted materials are discoverable. However, the medical records of a nonparty complainant on pages 142-153 of the submitted material shall be omitted from discovery.
Accordingly, defendant shall provide to the plaintiff, the records that were submitted for in camera inspection (minus pages 142-153) within 45 days of this order.