■ JOHN DOE, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [67 NYS3d 168]—

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 27, 2016, which, to the extent appealed from as limited by the briefs, partially denied plaintiff's motion to compel certain discovery, unanimously affirmed, without costs.

In this action, plaintiff, a former New York City Police Officer seeks to recover damages arising from alleged harassment on the job due to his sexual orientation. Plaintiff demanded a further deposition of one of his coworkers, a police officer, and disclosure of the disciplinary files of that officer and another employee of the police department.

Supreme Court providently exercised its discretion in denying plaintiff's requests for additional discovery (see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 1 AD3d 223, 224 [1st Dept 2003]). During discovery, plaintiff's counsel battered the witness, a nonparty female officer, with questions that were so "grossly irrelevant" and "improper" that they were not required to be answered (White v Martins, 100 AD2d 805, 805 [1st Dept 1984]).

The police officer's disciplinary files are protected by Civil Rights Law § 50-a (and see Espady v City of New York, 40 AD3d 475, 476 [1st Dept 2007]), and plaintiff failed to provide a clear showing of facts sufficient to warrant even an in camera review of those records (see id.; see also Flores v City of New York, 207 AD2d 302, 303 [1st Dept 1994]; Civil Rights Law § 50-a [2]).

Discovery of the disciplinary file of the other police department employee was not warranted, as she was not similarly situated with plaintiff and thus is not comparable for the purpose of showing discrimination (see Carryl v MacKay Shields, LLC, 93 AD3d 589, 590 [1st Dept 2012]; Beckles v Kingsbrook Jewish Med. Ctr., 36 AD3d 733, 734 [2d Dept 2007]). Concur—Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.