South32 Chile Copper Holdings Pty Ltd v Sumitomo Metal Min. Co., Ltd. (2024 NY Slip Op 51323(U))

[*1]

South32 Chile Copper Holdings Pty Ltd v Sumitomo Metal Min. Co., Ltd.

2024 NY Slip Op 51323(U)

Decided on September 25, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 25, 2024
Supreme Court, New York County

South32 Chile Copper Holdings Pty Ltd (FORMERLY BLUE MURRAY PTY LTD), Plaintiff,

against
Sumitomo Metal Mining Co., Ltd., SUMITOMO CORPORATION, Defendant.

Index No. 650642/2023

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 58, 59, 60, 61, 62, 63, 64 were read on this motion for MISCELLANEOUS.
The following e-filed documents, listed by NYSCEF document number (Motion 003) 65, 66, 67, 68, 69, 70, 71 were read on this motion for MISCELLANEOUS.
The following e-filed documents, listed by NYSCEF document number (Motion 004) 72, 73, 74, 75, 76, 77, 78, 79 were read on this motion for MISCELLANEOUS .
The following e-filed documents, listed by NYSCEF document number (Motion 005) 82, 83, 84, 85, 86, 87, 88 were read on this motion for DISCOVERY.
This is a breach of contract action involving tax liability for profits realized from operations at a Chilean gold mine. Plaintiff seeks to hold defendants responsible for the Dutch tax liabilities of two companies that plaintiff acquired as part of a transaction with defendants. Defendants allege that plaintiff's position, that defendants are responsible for the tax liabilities, contravenes the plain language of the governing contractual agreements. 
In motion sequences 002, 003, and 004, plaintiff moves for an order granting the issuance of three Letters of Request for Judicial Assistance (Letter of Request) pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Convention). In motion sequence 005, defendant moves for an order granting the issuance of a Letter of Request under the Hague Convention. The motions are unopposed.
In all cases involving international discovery, the court should take into account the importance of the information sought to the litigation, the degree of specificity of the request, the availability of alternative means of securing the information, the extent to which noncompliance with the request would undermine important interests of the United States, or whether compliance with the request would undermine important interests of the state where the information is located (Richbell Info. Servs., Inc. v Jupiter Partners L.P., 32 AD3d 150, 155—56 (1st Dept 2006); Restatement (Third) of the Foreign Relations Law of the United States §442[1][c]). The scope of American discovery is often significantly broader than is permitted in other jurisdictions (id., citing, Societe Nationale Industrielle Aerospatiale v United States Dist. Ct., 482 US 522, 542 [1987]). Therefore, a more stringent test should apply in international discovery than in purely domestic discovery (Richbell, 32 AD3d at 156). To compel the production of discovery from international entities, therefore, the movant must establish that the information sought is "crucial to the resolution of a key issue in this case" (Kahn v Leo [*2]Schachter Diamonds, LLC, 139 AD3d 635 [1st Dept 2016]).
Here, plaintiff seeks to obtain documents from non-party entities located in the Netherlands and the United Kingdom. Plaintiff seeks documents KPMG Meijburg & Co. (motion seq. no. 002), Deloitte Belastingadviseurs BV (motion seq. no. 003) and from RBC Europe Limited (motion seq. no. 004). Plaintiff submits that all three entities provided financial or tax advice regarding the Dutch tax liability at issue in this case and possess information relevant to the parties' sale and purchase agreements which purportedly conferred liability for the tax payment.
Defendants seek to obtain documents from Pricewaterhouse Coopers Belastingadviseurs N.V. (Pricewaterhouse) located in the Netherlands (motion seq. no. 005). According to defendants, Pricewaterhouse provided advice regarding the filing and preparation of the tax returns at issue, which ultimately resulted in the liability to Dutch tax authorities that underlies plaintiff's claims in this action.
Here, both parties seek documents from companies that are purportedly separate legal entities from their United States affiliate companies. As such, the parties are required to seek international judicial assistance to obtain the requisite documents. The court is satisfied that the documents sought are both material and necessary to the legal claims in this matter (Allen v Crowell-Collier Pub. Co. 235 NY2d 403 [1968][information that is material and necessary to the prosecution of a case is information that bears on the controversy and may assist with trial]) and that "'the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims'" (Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011], quoting Vyas v Campbell, 4 AD3d 417, 418 [2d Dept 2004]).
Further, the court is satisfied that the information sought is "crucial to the resolution of a key issue in this case" (Kahn v Leo Schachter Diamonds, LLC, 139 AD3d 635 [1st Dept 2016]), as the preparation of the tax documents, and any advice or directives provided with respect to the tax filing, is central to the existence of the tax liability.
Accordingly, it is hereby
ORDERED that plaintiff's motion for an order granting the issuance of a Letter of Request for Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters directed to KPMG Meijburg & Co. (motion seq. no. 002) is granted; and it is further
ORDERED that plaintiff's motion for an order granting the issuance of a Letter of Request for Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters directed to Deloitte Belastingadviseurs BV (motion seq. no. 003) is granted; and it is further
ORDERED that plaintiff's motion for an order granting the issuance of a Letter of Request for Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters directed to RBC Europe Limited (motion seq. no. 004) is granted; and it is further
ORDERED that defendants' motion for an order granting the issuance of a Letter of Request for Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters directed to Pricewaterhouse Coopers Belastingadviseurs N.V. (motion seq. no. 005) is granted.
DATE September 25, 2024
ROBERT R. REED, J.S.C.