Aguasanta v City of New York (2025 NY Slip Op 00035)

Aguasanta v City of New York

2025 NY Slip Op 00035

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 28843/20 Appeal No. 3409 Case No. 2023-03434 

[*1]Agueda Abreu Aguasanta et al., Plaintiffs-Appellants,
v
The City of New York, et al., Defendants-Respondents.

Muriel Goode-Trufant, Corporation Counsel, New York, and Rubert & Gross, P.C., Brooklyn (Soledad Rubert of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elina Druker of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about August 5, 2022, which, insofar as appealed from, denied plaintiffs' motion to compel with respect to the identity of and other information regarding the confidential informant, unanimously modified, on the law, and the motion granted to the extent of directing defendants to produce, to the extent such documents are in their possession, any materials relied on by the court issuing the search warrant, including the affidavit prepared in support thereof, and the transcript of any proceedings before that court, redacted to conceal the identity of the confidential informant, and otherwise affirmed, without costs.
We decline to consider plaintiffs' argument that defendants' pleading should be stricken for noncompliance with discovery because this issue was not identified in the notice of appeal or the "Grounds for Reversal" section of the pre-argument statement and is not "inextricably intertwined" with the issues identified therein (Max Markus Katz, P.C. v Sterling Natl. Bank, 206 AD3d 533, 533-534 [1st Dept 2022]).
Defendants' arguments against disclosure of the identity of and other information regarding the confidential informant, which are based on the so-called "informer's privilege," are not precluded by their failure to raise them earlier. Even if some of these arguments should have been raised, at least with more particularity, in defendants' initial responses, the failure to do so would only result in a waiver of objections "based on any ground other than privilege or palpable impropriety" (Khatskevich v Victor, 184 AD3d 504, 505 [1st Dept 2020]; defendants' arguments fall squarely within these categories.
It is undisputed that federal privilege law applies to this case involving significant federal civil rights claims (see Finn v City of NY, 4 AD3d 218, 219 [1st Dept 2004]; Zabala v City of New York, 32 Misc 3d 695, 696 [Sup Ct, Kings County 2011]). Defendants' submissions were sufficient to invoke the informer's privilege under federal law. Because this privilege is recognized under federal as well as state law (see Roviaro v United States, 353 US 53, 59 [1957]; Cullen v Margiotta, 811 F2d 698, 715-716 [2d Cir 1987], cert denied 483 US 1021 [1987]; Matter of United States, 565 F2d 19, 22-23 [2d Cir 1977], cert denied 436 US 962 [1978]), defendants were not required to submit a supporting affidavit from a government official with personal knowledge (compare Butler v City of New York, 15 Misc 3d 1134[A], 2007 NY Slip Op 50974[U] [Sup Ct, Kings County 2007]; King v Conde, 121 FRD 180, 187-190 [ED NY 1988]).
Plaintiffs have demonstrated a need for additional discovery to enable them to determine whether the subject search warrant is subject to challenge — specifically, the affidavit prepared in support of the search warrant application, the transcript of any proceedings before the court issuing the warrant, and any other materials relied on by the court in so [*2]doing (see Espady v City of New York, 40 AD3d 475, 476 [1st Dept 2007]). Defendants should produce these documents, to the extent any are in defendants' possession (see Espady, 40 AD3d at 476 ["However, since the Bronx District Attorney, who is not a party to this action, is not under the control of the City of New York, defendants cannot be expected to produce documents prepared or maintained by any prosecutors"]). The confidential informant's identifying information should, however, be redacted from these documents because, without a clear understanding of the basis for issuance of the warrant, it is not clear whether the confidential informant's identity is necessary to challenge same (see generally Sanchez v City of New York, 201 AD2d 325, 326 [1st Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025