■ JOCELYN PALESTRANT, an Infant, by Her Father and Natural Guardian, ABRAHAM PALESTRANT, et al., Appellants, v EMILIO A. GARCIA et al., Respondents. [664 NYS2d 31] —Judgment, Supreme Court, New York County (William Davis, J., and a jury), entered July 25, 1996, in a medical malpractice action, in favor of defendants and against plaintiffs, unanimously affirmed, without costs.

Plaintiffs claim that defendants failed to detect and diagnose that the infant plaintiff was developing a rare form of kidney cancer known as Wilms' tumors. The jury chose to credit the

testimony of defendants' expert, Dr. Beckwith, that given the position and rapid rate of growth of such tumors, defendants could not have palpated the tumor on the child's right kidney when they examined her in or around May and June of 1984. The various evidentiary and procedural issues raised by plaintiffs on appeal provide no basis to set that determination aside. Since Dr. Beckwith was neither a treating nor an examining physician, and his findings were not based upon any physical or clinical examination of the infant plaintiff, there is no merit to plaintiffs' claims that defendants violated the rules governing the exchange of medical information in a negligence action (*see, Putchlawski v Diaz*, 192 AD2d 444, *lv denied* 82 NY2d 654). Plaintiffs' argument that it was error to permit Dr. Beckwith to testify based on his use of slides recut from the original specimen would not warrant a new trial even if meritorious, since his use of the slides was wholly unrelated to the question of whether defendants could palpate the tumor at the time of their examinations. In any event, the use of recut slides from the same specimen is recognized as an alternative to examining the original specimen in the hospital (*see, Lucarello v North Shore Univ. Hosp.*, 184 AD2d 623). Further, since Dr. Beckwith's testimony provided reasonable assurance of the unchanged condition and identity of the slides, any failure to establish a complete chain of custody is excusable (*see, People v Julian*, 41 NY2d 340, 343; *People v White*, 211 AD2d 982, 986, *lv denied* 85 NY2d 944). We have considered plaintiffs' other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Tom, JJ.