■ MARIE SHANAHAN et al., Appellants, v NICHOLAS BAMBINO et al., Respondents, et al., Defendant. [706 NYS2d 139] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of Supreme Court, Orange County (Peter C. Patsalos, J.), dated May 17, 1999, which granted the separate motions of the defendants Nicholas Bambino and Irving Bough for protective orders, *inter alia,* prohibiting the plaintiffs from acquiring pathology tissue from the defendant Cornwall Hospital for testing.

Ordered that the order is reversed, on the law, with costs, the motions are denied, and the defendant Cornwall Hospital is directed to provide the plaintiffs with the pathology tissue for testing provided that the resulting slide is made available for examination by the respondents.

The plaintiffs contend, *inter alia,* that the respondents committed medical malpractice by misdiagnosing the condition of the plaintiff Marie Shanahan as Crohn's disease instead of amoebic colitis. In furtherance of that claim, the injured plaintiff contacted the defendant Cornwall Hospital to determine if she could acquire a "recut" of the remaining biopsied specimen, which was preserved, in order to conduct a "stain" test. The plaintiffs maintained that this particular stain test should have been conducted originally by the respondents for a proper diagnosis to be made. The respondents sought a protective order from the court precluding the recutting of the original specimen arguing, *inter alia,* that to do so would force them to improperly create evidence not in existence at the time of the alleged malpractice.

Given the liberal interpretation of the rules of disclosure, an item of arguable relevance should be disclosed (*see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403; *Schioppa v Pallotta,* 242 AD2d 698). In this case, the plaintiffs sufficiently demonstrated that the stain test to be conducted on the recut of the remaining original specimen is relevant to the allegation of medical malpractice. Further, the plaintiffs presented the affidavit of an expert witness to establish that it is a medically appropriate procedure to recut the remaining original specimen

for testing purposes, that the slide made from this recut could be preserved for the respondents to view, and that this process would not affect the integrity of the original slide which the respondents had viewed when formulating their diagnosis of the injured plaintiff's condition. Therefore, the respondents' respective motions for protective orders are denied and Cornwall Hospital is directed to provide the plaintiffs with the pathology tissue for testing provided that the resulting slide is made available for examination by the respondents (*see, Lucarello v North Shore Univ. Hosp.*, 184 AD2d 623; *see generally, Palestrant v Garcia*, 244 AD2d 199). Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.