In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated July 7, 2009, which granted that branch of the plaintiffs motion which was to direct it to allow the plaintiff to inspect the gym mats involved in the subject accident, and denied its cross motion for a protective order.
Ordered that the order is affirmed, with costs.
CFLR 3101 (a) is to be construed liberally so that there should be disclosure of any material that is even arguably relevant (see Shanahan v Bambino, 271 AD2d 519 [2000]). However, “unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court’s broad discretion” (Palermo Mason Constr. v Aark Holding Corp., 300 AD2d 460, 461 [2002] [internal quotation marks omitted]; see Silcox v City of New York, 233 AD2d 494 [1996]). The essential test is one based on *999 “usefulness and reason” (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000] [internal quotation marks omitted]). Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff’s motion which was to direct the defendant to allow the plaintiff to inspect the gym mats which allegedly caused her to fall and sustain injuries, and in denying the defendant’s cross motion for a protective order. Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.