Abedin v Osorio (2020 NY Slip Op 06478)





Abedin v Osorio


2020 NY Slip Op 06478


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2020-00106
 (Index No. 700110/15)

[*1]Zainul Abedin, etc., et al., respondents,
v
Mauricio E. Palominos Osorio, et al., defendants, Roadtex Transportation Corp., appellant.


Shein & Associates, P.C. (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Timothy R. Capowski and John F. Watkins], of counsel), for appellant.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Christopher J. Donadio of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendant Roadtex Transportation Corp. appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered December 2, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3124 to compel the plaintiffs to produce the last known addresses and phone numbers of three friends of the infant plaintiff N.N. and to provide authorizations for records from three social media accounts of the infant plaintiff N.N., and granted the plaintiffs' cross motion to restore the action to the trial calendar and schedule a date certain for trial.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the motion of the defendant Roadtex Transportation Corp. which was pursuant to CPLR 3124 to compel the plaintiffs to produce the last known addresses and phone numbers of three friends of the infant plaintiff N.N. and to provide authorizations for records from three social media accounts of the infant plaintiff N.N. is granted, and the plaintiffs' cross motion to restore the action to the trial calendar and schedule a date certain for trial is denied.
On December 20, 2013, while the infant plaintiff N.N. and her brother (hereinafter the decedent) were crossing a street in Queens, a tractor-trailer struck and killed the decedent (hereinafter the subject accident). In January 2015, the plaintiffs commenced this personal injury action against, among others, the defendant Roadtex Transportation Corp. (hereinafter the defendant), the entity that allegedly owned the trailer portion of the tractor-trailer involved in the subject accident. The plaintiffs alleged that although the infant plaintiff was not physically injured in the subject accident, she was within the zone of danger and suffered severe mental and emotional trauma as a result. The plaintiffs identified Henry Spitz, a psychiatrist who examined the infant plaintiff several times following the subject accident, as a potential expert witness. In several written reports, Spitz stated, inter alia, that as a result of witnessing the subject accident, the infant plaintiff suffered from "social inhibition," had "become socially withdrawn and isolated," avoided "going to school or having contact with friends who [would] focus on [the decedent]," was "very careful to [*2]avoid contact with schoolmates who wish to be friendly," and "goes from a day at school to her home and does not go out on weekends."
In May 2018, the plaintiffs served a second supplemental bill of particulars, alleging that in light of the chronic and progressive nature of the mental and emotional trauma that the infant plaintiff suffered as a result of the subject accident, the infant plaintiff will incur approximately $12,000,000 in expenses for psychotherapy and psychopharmacological medication throughout her lifetime. In an order dated February 13, 2019, the Supreme Court, inter alia, granted those branches of the motion of the defendants Mauricio E. Palominos Osorio and Gamosse Transport, LLC, which were to vacate the note of issue filed by the plaintiffs on September 1, 2017, and to direct the infant plaintiff to appear for further deposition based on the new allegations in the second supplemental bill of particulars.
In June 2019, following the further deposition of the infant plaintiff, the defendant served a discovery demand on the plaintiffs requesting disclosure of, inter alia, the last known addresses and phone numbers of three of the infant plaintiff's friends, and authorizations to obtain records from the infant plaintiff's Instagram, Facebook, and Snapchat accounts. After the plaintiffs refused to provide that information, the defendant moved, inter alia, to compel the plaintiffs to comply with the discovery demand. The plaintiffs opposed the motion and cross-moved to restore the action to the trial calendar and schedule a date certain for trial. The Supreme Court denied the defendant's motion and granted the plaintiffs' cross motion. The defendant appeals.
Disclosure in civil actions is generally governed by CPLR 3101(a), which provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The courts possess wide discretion to decide whether information sought is "material and necessary" to the prosecution or defense of an action (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). The words "material and necessary" are "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (id. at 406; see Forman v Henkin, 30 NY3d 656, 661). "'If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or for cross-examination or in rebuttal, it should be considered [matter] "material" in the action'" (Vargas v Lee, 170 AD3d 1073, 1075, quoting Shutt v Pooley, 43 AD2d 59, 60).
Here, the defendant demonstrated that records from the infant plaintiff's Facebook, Snapchat, and Instagram accounts were "reasonably likely to yield relevant evidence" regarding the alleged emotional and mental trauma that the infant plaintiff suffered from as a result of the subject accident, which allegedly was, in part, evidenced by her social isolation and withdrawal (Forman v Henkin, 30 NY3d at 666). In addition, the defendant demonstrated that its request for the last known addresses and phone numbers of three of the infant plaintiff's friends was reasonably calculated to lead to the discovery of information bearing on the infant plaintiff's claimed mental and emotional trauma. In response, the plaintiffs do not contend that the requested disclosure was unduly burdensome, overbroad, or otherwise improper. The Supreme Court erred in finding that disclosure of the last known addresses and phone numbers of the infant plaintiff's three friends was improper because they would provide evidence that was cumulative of other evidence previously exchanged during discovery. Therefore, under the circumstances, the court improvidently exercised its discretion in denying that branch of the defendant's motion which was to compel the plaintiffs to produce the last known addresses and phone numbers of three friends of the infant plaintiff, and authorizations to obtain records from the infant plaintiff's Facebook, Snapchat, and Instagram accounts.
Since disclosure was not complete, the cross motion should have been denied.
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court