Gentile v Ogden (2022 NY Slip Op 05078)

Gentile v Ogden

2022 NY Slip Op 05078

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2020-03868
 (Index No. 618962/17)

[*1]Antonina Gentile, appellant,
v
Troy Ogden, et al., respondents.

Dell & Dean, PLLC, Garden City, NY (Joseph G. Dell and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellant.
Martyn, Martyn, Smith & Murray, Hauppauge, NY (Susan A. Murray of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated May 8, 2020. The order granted the defendants' motion pursuant to CPLR 3124 and 3126 to compel the plaintiff to comply with certain discovery demands.
ORDERED that the order is affirmed, without costs or disbursements.
In September 2017, the plaintiff commenced this action against the defendants Troy Ogden and Ogden's Design and Plantings, Inc., to recover damages for personal injuries she alleged that she sustained in a motor vehicle accident. According to the plaintiff, in October 2014 the defendants' vehicle collided with her vehicle at an intersection in Smithtown. The plaintiff alleged that the defendants' negligence in the ownership, operation, management, and control of their motor vehicle caused the accident. According to the plaintiff, as a result of the accident, she sustained a serious injury within the meaning of Insurance Law § 5102(d). The plaintiff alleged that she sustained severe and permanent injuries to her neck, back, and right shoulder, and that her injuries prevented her from performing her usual and customary daily activities for not less than 90 of the first 180 days following the accident.
In August 2019, the defendants moved pursuant to CPLR 3124 and 3126 to compel the plaintiff to comply with their discovery demands for, inter alia, all relevant social media activity from all of her social media accounts from three years prior to the accident through the date of the motion. The plaintiff opposed. In an order dated May 8, 2020, the Supreme Court granted the motion, and the plaintiff appeals.
CPLR 3101(a) provides, in relevant part, that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." Discovery statutes are to be construed liberally so that there should be disclosure of any material that is even "arguably relevan[t]" (Shanahan v Bambino, 271 AD2d 519, 519), and "supervision of disclosure is generally left to the trial court's broad discretion" (Palermo Mason Constr. v Aark Holding Corp., 300 AD2d 460, 461 [internal quotation marks omitted]).
In a personal injury case, "it is appropriate to consider the nature of the underlying incident and the injuries claimed and to craft a rule for discovering information specific to each" (Forman v Henkin, 30 NY3d 656, 665). Contrary to the plaintiff's contentions, "New York discovery rules do not condition a party's receipt of disclosure on a showing that the items the party seeks actually exist; rather, the request need only be appropriately tailored and reasonably calculated to yield relevant information" (id. at 664). "[C]ourts should first consider the nature of the event giving rise to the litigation and the injuries claimed, as well as any other information specific to the case, to assess whether relevant material is likely to be found" (id. at 665). "Second, balancing the potential utility of the information sought against any specific 'privacy' or other concerns raised by the account holder, the court should issue an order tailored to the particular controversy that identifies the types of materials that must be disclosed" (id.).
Here, the defendants demonstrated that the plaintiff's social media accounts were reasonably likely to yield relevant evidence regarding her alleged injuries and loss of enjoyment of life (see id. at 666-667; Abedin v Osorio, 188 AD3d 764, 766-767).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3124 and 3126 to compel the plaintiff to comply with their discovery demands.
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court