Sereda v A.J. Richard & Sons, Inc. (2023 NY Slip Op 04679)

Sereda v A.J. Richard & Sons, Inc.

2023 NY Slip Op 04679

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-09470
 (Index No. 511723/19)

[*1]Yaroslav Sereda, respondent,
v
A.J. Richard & Sons, Inc., et al., appellants.

Goldberg Segalla, LLP, Garden City, NY (James M. Specyal and Kevin J. Bryant of counsel), for appellants.
Hill & Moin, LLP, New York, NY (Melisande Hill and Cheryl R. Eisberg Moin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 15, 2021. The order, insofar as appealed from, denied those branches of the defendants' motion pursuant to CPLR 3124 which were to compel the plaintiff to provide certain discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants, inter alia, to recover damages for personal injuries he allegedly sustained when he fell from a scaffold. The defendants moved pursuant to CPLR 3124 to compel the plaintiff to provide certain discovery, including authorizations to obtain records from the plaintiff's Facebook and other social media accounts beginning two years before the date of the subject accident, authorizations to obtain records from the E-Z Pass account of the plaintiff's wife from the date of the accident, a copy of the plaintiff's passport, and copies of all photographs taken by the plaintiff with his cell phone since the date of the accident. In an order dated September 15, 2021, the Supreme Court, among other things, denied those branches of the defendants' motion. The defendants appeal.
"Disclosure in civil actions is generally governed by CPLR 3101(a), which provides that '[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action'" (Abedin v Osorio, 188 AD3d 764, 766, quoting CPLR 3101[a]). "The courts possess wide discretion to decide whether information sought is 'material and necessary' to the prosecution or defense of an action" (Abedin v Osorio, 188 AD3d at 765; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "In a personal injury case . . . it is appropriate to consider the nature of the underlying incident and the injuries claimed and to craft a rule for discovering information specific to each" (Forman v Henkin, 30 NY3d 656, 665). "[C]ourts should first consider the nature of the event giving rise to the litigation and the injuries claimed, as well as any other information specific to the case, to assess whether relevant material is likely to be found" (id. at 665). "Second, balancing the potential utility of the information sought against any specific 'privacy' or other concerns raised by the [plaintiff], the court should issue an order tailored to the particular controversy that identifies the types of materials that must be disclosed" (id.). Although "[d]iscovery statutes are to be [*2]construed liberally so that there should be disclosure of any material that is even 'arguably relevant' (Gentile v Ogden, 208 AD3d 855, 856, quoting Shanahan v Bambino, 271 AD2d 519, 519 [alteration omitted]), "unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court's broad discretion" (Palermo Mason Constr. v Aark Holding Corp., 300 AD2d 460, 461 [internal quotation marks omitted]; see Gentile v Ogden, 208 AD3d at 856; Jordan v City of New York, 137 AD3d 1084).
Here, the Supreme Court providently exercised its discretion in denying those branches of the defendants' motion which sought authorizations to obtain records from the plaintiff's Facebook and other social media accounts beginning two years before the date of the accident, authorizations to obtain records from the E-Z Pass account of the plaintiff's wife from the date of the accident, a copy of the plaintiff's passport, and copies of all photographs taken by the plaintiff with his cell phone since the date of the accident. Under the circumstances of this case, the defendants failed to demonstrate that the discovery sought was reasonably likely to yield relevant evidence regarding the severity of the alleged injuries suffered by the plaintiff (see Forman v Henkin, 30 NY3d at 665; cf. Gentile v Ogden, 208 AD3d at 857; Abedin v Osorio, 188 AD3d at 766-767).
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court