| **Stevens v New York City Tr. Auth.** |
|---|
| 2024 NY Slip Op 34279(U) |
| December 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156959/2014 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. RICHARD TSAI _____      PART                21

*Justice*

-------------------------------------------------------------------------X

FRANK STEVENS,

INDEX NO.              156959/2014

                     Plaintiff,

MOTION DATE          08/09/2024

- v -

MOTION SEQ. NO.          001

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY

**DECISION + ORDER ON
MOTION**

                     Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 44-64

were read on this motion to/for                    DISCOVERY                    .

On May 18, 2014, at our about 8:20 p.m., plaintiff, a police officer, was allegedly injured while performing a rescue operation of a person who had been struck by a subway train at the subway station located at Broadway and Fulton Street in Manhattan (affirmation of plaintiff's counsel in support of motion ¶ 3 [NYSCEF Doc. No. 45]).  When plaintiff allegedly grabbed onto a spring affixed to the front of the train to hoist the person onto the subway platform, the spring allegedly became unsecured, causing plaintiff to strike the platform (*id.*).

Plaintiff now moves for an order compelling defendants to comply with plaintiff's discovery demands for documents.  Defendants oppose the motion.

## BACKGROUND

Incident Reports disclosed during discovery

During discovery, defendants produced an "RTO Incident Data Sheet," "Department of Subways Train Incident Report" and a "Customer Unusual Occurrence Report" completed by a cleaner (*see* defendants' Exhibit B in opposition [NYSCEF Doc. No. 59]).

According to the "RTO Incident Data Sheet," Train Service Supervisors "Nicholson", "Zahaleth, L.", and "Peter, D." arrived at the scene on or about 2122 hours (9:22 p.m.), 2153 Hours (9:53 p.m.), and 2156 Hours (9:56 p.m.), respectively (*see* Defendants' Exhibit B in opposition [NYSCEF Doc. No. 60]).  At 2205 Hours (10:05 p.m.), the Rail Control Center was notified that "a Police assigned to the Emergency Task Force broke a 'rib' in the process of removing the person from the roadbed" (*id.*).

**156959/2014   STEVENS, FRANK vs. NEW YORK CITY TRANSIT**                    **Page 1 of 6**
**Motion No.  001**

[* 1]

Deposition of Rudolph McLeod

On August 19, 2022, plaintiff took the deposition of non-party Rudolph McLeod, a maintenance supervisor who retired in August 2020 (*see* Plaintiff's Exhibit I in support of motion, McLeod EBT [NYSCEF Doc. 54]).  Prior to becoming a maintenance supervisor, McLeod was a road car inspector in the car equipment department within the New York City Transit Authority (NYCTA) (*id.* at 8, lines 14-24).

McLeod testified that the responsibility of the car equipment department was maintenance and repairs of the trains, including cleaning (*id.* at 8, lines 6-19).  The car equipment department does regular inspections of the subway cars (*id.* at 17, line 25 through 18, line 11).

According to McLeod, "road car inspectors" have the responsibility to respond to "incidents on the road," such as a stalled train, a door problem, or making the decision to send a train to the shop or to stay in service (*id.* at 11, line 13).  By contrast, McLeod testified that a "car maintenance inspector," also referred to as a "car inspector," "works in the shop fixing the trains" (*id.* at 38, lines 17-21).   When asked if he knew Preston Hannah, McLeod answered that Hannah was a road car inspector (*id.* at 16, line 24 through 17, line 6).

McLeod testified that a road car inspector and a train trouble supervisor would come to the scene of a "12-9" (McLeod EBT at 39, lines 6-13).[1]  According to McLeod, the report that would have been filled out at this "event" was called a "train trouble report" (*id.* at 34, line 20).  When asked if the train trouble report would have been prepared in connection with the police officer's incident, McLeod answered, "If that— yeah, if that happened while, you know, a person is there and that's reported to them that that happened, then that probably would in the report. . . It could be the same or separate.  You know, it depends" (*id* at 37, lines 11-22).

McLeod testified that each road car inspector and equipment personnel can also keep notes in their own "butcher book" (McLeod EBT at 29, line 25 through 15).  According to McLeod, he kept a butcher book as a supervisor (*id.* at 31, lines 18-21), and he would have kept notes in his butcher book about the incident on May 18, 2014 (*id.* at 33, lines 3-14).[2]  McLeod sated, "there is nothing in the butcher book that wouldn't be in the [written] report" that would have been prepared in response to the incident (*id.* at 34, lines 8-11).

McLeod testified that a "bulletin record" contains "[p]rocedure, how to do certain things," such as operation of a train, or mechanical repair (*id.* at 40, lines 3-15).

---

[1] According to McLeod, "12-9" means a customer is under the train (McLeod EBT, at 9, lines 4-6).
[2] Plaintiff's counsel referred to the "incident" as both "an individual who had fallen or jumped on the tracks underneath the train, and a police officer who got injured during the course of the rescue" (McLeod EBT at 15, lines 2-7).

**156959/2014   STEVENS, FRANK vs. NEW YORK CITY TRANSIT**                                        **Page 2 of 6**
**Motion No.  001**

[* 2]

Last, upon reviewing an incident report, McLeod testified that the first car of the train, the operating car, was car number 5936 (*id.* at 51, lines 5-6).

<u>Plaintiff's Discovery Demand following McLeod's Deposition</u>

By a letter dated December 5, 2022 to defendants' counsel, plaintiff demanded the following documents:

"1 - copy of the butcher book by each person/mechanic relating to the train response for the date of accident concerning the particular train in question;

2- Bulletin records: concerning the procedures including the repairs and maintenance on the springs on the train that was in effect on the date of the accident;

3- Train Trouble Report and train inspection report prepared by Mr. McLeod and by employee Lance;

4-supervisor train trouble report for this incident and date of accident concerning the train in question;

5-copy of the inspection reports for this train for one year prior to and including the date of accident"

* * *

1-(5) -Preston Hannah Butcher Book;
2-(6) Mr.McLeod Butcher Book;
3-(7)-Spring accidents (Plaintiff's Exhibit D in support of motion [NYSCEF Doc. No. 49]).

By a status conference order dated February 15, 2024, this court directed defendants to respond to plaintiff's demand within 45 days (*see* Plaintiff's Exhibit E in support of motion [NYSCEF Doc. No. 50]).

On May 1, 2024—76 days after the status conference, defendants objected to the demands (*see* Plaintiff's Exhibit F in support of motion [NYSCEF Doc. No. 51]). In response, plaintiff simply renewed his demands by a letter dated May 7, 2024 (*see* Plaintiff's Exhibit G in support of motion [NYSCEF Doc. No. 52]). By a letter dated July 30, 2024, defendants repeated their objections.

## DISCUSSION

CPLR 3101 states that there "shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "[M]aterial and necessary" are "to be interpreted liberally to require disclosure, upon request, of any facts bearing on

**156959/2014   STEVENS, FRANK vs. NEW YORK CITY TRANSIT**                      **Page 3 of 6**
**Motion No.  001**

3 of 6

the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403, 406 [1968]). "[T]he acid test for disclosure of information is not whether the party can make out a prima facie case without the evidence, but whether he or she can make out a more persuasive case with it" (6 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3101.08 [2024]).

"It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims" (*Vyas v Campbell*, 4 AD3d 417, 418 [2d Dept 2004]; *see also Twenty Four Hour Fuel Oil Corp. v Hunter Ambulance*, 226 AD2d 175-176 [1st Dept 1996]). However, "[u]nder our discovery statutes and case law, competing interests must always be balanced; the need for discovery must be weighed against any special burden to be borne by the opposing party" (*Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954 [1998] [quotation marks and citation omitted]).

Here, based on McLeod's deposition testimony, plaintiff established that a "train trouble report" and any contemporaneous notes personally made by a road car inspector and a train trouble supervisor who reported to the scene on May 18, 2014 are reasonably calculated to lead to admissible evidence about plaintiff's fall from the operating car. McLeod testified that the "train trouble report" about the train striking a person could either contain details about the plaintiff's fall, or the incident could be a separate report (McLeod EBT at 37, lines 11-22). In light of McLeod's testimony, the court rejects defendants' argument that plaintiff failed to show how the incident reports sought could relate to plaintiff's claims in any way (*see* affirmation of defendants' counsel in opposition ¶ 4).

Thus, the court directs defendants to produce any train trouble report prepared by McLeod and/or by Lance, and any supervisor train trouble report of the train strike incident of May 18, 2014, within 60 days.

McLeod also testified as to the practice of taking notes about the incident in a butcher book that might later be incorporated into a written incident report. Thus, plaintiff has established that discovery of any contemporaneous notes taken in a butcher book issued to a road car inspector, equipment personnel, and train trouble supervisor who reported to the scene on May 18, 2014 is reasonably calculated to lead to admissible evidence as to the details of plaintiff's fall. Plaintiff has identified McLeod and a car maintenance inspector named Lance as persons who arrived at the scene (*see* McLeod EBT at 17, line 23), along with a road car inspector named Preston Hannah (*see id.* at 16, line 24 through 17 line 6).

Thus, the court directs defendants to produce the butcher book entries of McLeod, Lance, and Preston Hannah for May 18, 2014, within 60 days.[3]

---

[3] The court agrees with defendants that discovery of butcher books of all persons who arrived at the scene who were not identified is overly broad and unduly burdensome. Defendants would be required to ascertain first the identity

**156959/2014   STEVENS, FRANK vs. NEW YORK CITY TRANSIT**                    **Page 4 of 6**
**Motion No. 001**

4 of 6

[* 4]

Defendants' argument that the discovery sought would be cumulative is unpersuasive (*see* affirmation of defendants' counsel in opposition ¶ 9). McLeod testified at his deposition that information in the butcher book would have been incorporated into a written report. However, in *Abedin v Palominos Osorio* (188 AD3d 764, 767 [2d Dept 2020]), the Appellate Division, Second Department ruled that the Supreme Court erred in denying disclosure on the grounds that such evidence was cumulative of other evidence previously exchanged during discovery. The discovery sought of the butcher book entries is not unduly burdensome, overly broad, or otherwise improper.

The court reminds defendants' counsel that discovery responses must now comply with 22 NYCRR 202.20-c (c) (effective July 1, 2022), which states that, a discovery response shall contain,

"at the conclusion of thereof, the *affidavit* of the responding party stating:
(i) whether the production of documents in its possession, custody or control and that are responsive to the individual requests is complete; or
(ii) that there are no documents in its possession, custody or control that are responsive to any individual requests" (emphasis supplied).

However, plaintiff did not establish that bulletin records, inspection reports for this train, and reports of "spring accidents" are reasonably calculated to lead to admissible evidence as to the issues in this action.

Plaintiff was allegedly injured when a spring affixed to the front of the train which plaintiff grabbed onto as a handhold became unsecured under the weight of plaintiff and the person plaintiff was carrying. The bulletins and inspection reports would only be relevant to establish that the collapse/failure of the spring was due to negligent installation of spring. However, as there is no offer of proof that the spring was designed to be a handhold or to support human weight, discovery as to the negligent installation of the spring amounts to a fishing expedition. A demand for "Spring accidents," which is not limited in time or to the particular spring attached to car number 5936 which plaintiff had grabbed onto, is both overly broad and irrelevant.

## CONCLUSION

Upon the foregoing documents, it is **ORDERED** that plaintiff's motion to compel is **GRANTED IN PART TO THE EXTENT THAT** defendant New York City Transit Authority is directed to produce the following within 60 days:

(1) Copies of entries from May 18, 2014 from the butcher books of Rudolph McLeod, Preston Hannah, and car maintenance inspector Lance;

---

of all employees who were at the scene, and the only evidence that the individuals who maintained butcher books were road car inspectors and train trouble supervisors.

**156959/2014   STEVENS, FRANK vs. NEW YORK CITY TRANSIT**                    **Page 5 of 6**
**Motion No.  001**

(2) any Train Trouble Report and train inspection reported prepared by McLeod and/or Lance;

(3) any supervisor train trouble report from the Car Equipment Department for the train strike incident on May 18, 2014;

and the motion is otherwise denied.

20241204183023RTSAICE79825E4C8547A29955B3256DAAACEF

| 12/4/2024 | | | | | |
|-----------|--|--|--|--|--|
| DATE | | | | RICHARD TSAI, J.S.C. | |

CHECK ONE:              ☐ CASE DISPOSED        ☒ NON-FINAL DISPOSITION

                              ☐ GRANTED      ☐ DENIED    ☒ GRANTED IN PART      ☐ OTHER

APPLICATION:             ☐ SETTLE ORDER          ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:   ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**156959/2014   STEVENS, FRANK vs. NEW YORK CITY TRANSIT**
**Motion No. 001**

Page 6 of 6

6 of 6

[* 6]