| |
|---|
| **Morelli Law Firm, PLLC v Perez** |
| 2025 NY Slip Op 31817(U) |
| May 20, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150661/2022 |
| Judge: Kathleen Waterman-Marshall |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. KATHLEEN WATERMAN-MARSHALL</u>   PART   31M

*Justice*

-----------------------------------------------------------------------------X

MORELLI LAW FIRM, PLLC,

INDEX NO.   150661/2022

Plaintiff,

MOTION DATE   05/31/2024, 05/24/2024

- v -

MOTION SEQ. NO.   004 005

MARK PEREZ,

Defendant.

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------------X

MARK PEREZ

Third-Party
Index No.  595063/2022

Plaintiff,

-against-

BENEDICT MORELLI

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 118, 119, 120, 121, 122, 123, 124, 125, 134, 138, 148, 149, 150

were read on this motion to/for                    DISCOVERY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 126, 127, 128, 129, 130, 131, 132, 135, 139, 151

were read on this motion to/for                    DISCOVERY                    .

This matter was administratively transferred to Part 31 in late January 2025.

Upon the foregoing documents, the motion by Plaintiff-Counterclaim Defendant Morelli Law Firm, PLLC ("the Morelli Firm") and Third-Party Defendant Benedict Morelli, Esq. ("Mr. Morelli") for an order compelling Defendant-Counterclaim Plaintiff Mark Perez ("Mr. Perez") to produce certain discovery, is denied. Upon the same record, Mr. Perez' motion to compel the Morelli Firm to produce certain documents, is granted in part.

## Background

Despite the procedural history and length of this litigation, this matter presents straightforward claims, to wit: whether a client agreed to pay his attorneys a contingency fee for

**150661/2022   MORELLI LAW FIRM, PLLC vs. PEREZ, MARK**
**Motion No.  004 005**

**Page 1 of 7**

1 of 7

[* 1]

appellate work and whether the attorneys breached the retainer (contract) with the client by, *inter alia*, withholding the disputed appellate contingency fee from the client's settlement proceeds.

Briefly, and as relevant to these discovery motions, the Morelli Firm represented Mr. Perez in a personal injury action on a contingency fee basis (one-third of the amount recovered). Mr. Perez sustained serious brain damage, among other injuries, from his accident. The Morelli Firm obtained a $102 million jury verdict for Mr. Perez, which was appealed and later settled for $55 million. The Morelli Firm received its one-third contingency fee of the $55 million settlement (amounting to over $18 million) for its pre-trial and trial work in accordance with the retainer.

The Morelli Firm seeks herein an additional 10% contingency fee – or $5.5 million – it alleges Mr. Perez agreed to pay for its work on the appeal of the jury verdict. Mr. Perez denies that he ever agreed to an additional 10% fee, which – at the time of the purported agreement – could have amounted to $10.2 million if the jury verdict was affirmed. Rather, Mr. Perez sought to engage the Morelli Firm on an hourly basis for its appellate work. The Morelli Firm refused to bill hourly upon the ground that it was not possible under its "business model."

The Morelli Firm withheld the disputed additional 10% contingency fee – or $5.5 million – from the settlement proceeds due to Mr. Perez and brought this action for a declaratory judgment that it is entitled to this fee. In the main, the Morelli Firm contends that, considering the totality of the circumstances, Mr. Perez ultimately orally agreed to the continency fee. In his answer, Mr. Perez denied the material allegations of the complaint and interposed counterclaims; he also commenced a third-party action against Mr. Morelli individually.

By Decision and Order dated January 24, 2023, the prior jurist assigned to this matter dismissed defendant's counterclaims for conversion and unjust enrichment, but left intact defendant's counterclaims for breach of contract and breach of fiduciary duty (Decision and Order Mot. Seq. 001, NYSCEF Doc. No. 26). On appeal, the Appellate Division, First Department modified the January 24, 2023 Order to also dismiss the breach of fiduciary counterclaim with leave to replead the specific settlement offers the Morelli Firm allegedly concealed (NYSCEF Doc. No. 51). Mr. Perez thereafter filed an amended pleading seeking, *inter alia*, disgorgement of fees based upon the failure to timely file retainer/closing statements and the failure to comply with the Rules of Professional Conduct (NYSCEF Doc. No. 53). On further motion practice, the court found that the amended pleading exceeded the repleading permitted by the Appellate Division and was thus a nullity; denied Mr. Perez' request for retroactive leave to permit the amended pleading; and struck the amended pleading (NYSCEF Doc. No. 146). Thus, the only surviving claim by Mr. Perez is for breach of contract against the Morelli Firm; there are no surviving claims against Mr. Morelli.

**Discussion**

CPLR § 3101(a) directs that there "shall be full disclosure of all matter material and necessary to the prosecution or defense of an action, regardless of the burden of proof" (*Forman v Henkin*, 30 NY3d 656, 661 [2018]). The words "material and necessary" are interpreted liberally to include any facts which sharpen the issues and reduce prolixity; the test utilized is "one of usefulness and reason" (*id.* citing *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406

150661/2022   MORELLI LAW FIRM, PLLC vs. PEREZ, MARK
Motion No.  004 005

Page 2 of 7

[1968]). These discovery obligations extend to "any things which are in the possession, custody or control of the party or person served" (CPLR 3120).

However, "unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy" (*Crazytown Furniture, Inc. v Brooklyn Union Gas Co.*, 150 AD2d 420, 420 [2d Dept 1989]). In addition, the "need for discovery must be balanced against any special burden to be borne by the opposing party" (*Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952 [1998]).

As the parties' claims are dispositive in determining the relevance of the requested discovery, and given the various iterations of the pleadings asserted during the pendency of this litigation, for ease of reference the remaining claims are: [1]

Morelli Firm – Declaratory Judgment that it is entitled to $5.5 million in appellate attorney's fees pursuant to oral and written notice.

Mr. Perez – Breach of the retainer agreement by Morelli Law Firm in withholding $5.5 million from the settlement amount.

## Morelli Law Firm's Motion to Compel (Mot. Seq. 004)

The Morelli Firm served interrogatories and document demands on Mr. Perez on November 30, 2023. Mr. Perez responded to portions of the demands. On this motion, the Morelli Firm seeks to compel production of: (1) Mr. Perez' retainer agreement with his current counsel; (2) medical records regarding Mr. Perez' alleged seizures; and (3) audio recordings of meetings between the Morelli Firm and Mr. Perez.

### *Mr. Perez' Current Retainer Agreement is Not Relevant and Not Discoverable*

Retainer agreements are not privileged and are discoverable when relevant (*Matter of Priest v Hennessy*, 51 NY2d 62, 69 [1980]). Mr. Perez' retainer with his current counsel in this litigation, however, is not relevant to the core issue of what Mr. Perez agreed to pay the Morelli Firm for its appellate work in his personal injury action. There is no factual predicate for the Morelli Firm's bare assertion that Mr. Perez' present retainer herein somehow narrows the issues, or tends to prove or disprove that Mr. Perez agreed to pay the Morelli Firm a contingency fee amounting to millions of dollars for its work on the appeal. Mr. Perez' arrangement with his current counsel, and that firm's "business model," is utterly immaterial and irrelevant to whether Mr. Perez agreed to pay the Morelli Firm a contingency fee of what could have amounted to $10.2 million for appellate work that, billed on an hourly basis, may have cost in the low six figures at most. The Morelli Firm's contention that it needs the retainer to determine whether Mr. Perez knew that he could have hired separate appellate counsel, and to show a purported "conspiracy" to receive free appellate representation, is illogical, unsupported conjecture, and without merit. In any event, Mr. Perez' current counsel has confirmed that it is being paid on an hourly basis (NYSCEF Doc. No. 118 at p. 17).

---

[1] Each party also seeks their attorney's fees in this action.

**150661/2022   MORELLI LAW FIRM, PLLC vs. PEREZ, MARK**                     **Page 3 of 7**
**Motion No.  004 005**

3 of 7

[* 3]

*Mr. Perez' Medical Records Are Not Relevant and Not Discoverable*

The Morelli Firm contends that Mr. Perez must identify the medical providers who treated him for a seizure following the parties' July 22, 2021 meeting, or admit "he never sought medical assistance and has no basis to make a causal claim" (NYSCEF Doc. No. 87 at p. 9). This claim lacks merit. Mr. Perez did not place his physical condition in issue in defense of the Morelli Firm's claim or on his breach of contract counterclaim and he is not seeking to undo an otherwise valid, written or oral contract for attorney's fees due to his seizures. It is undisputed that the parties had a July 22, 2021 meeting, at which no agreement was reached. That Mr. Perez cancelled the July 28, 2021 meeting due to a seizure has absolutely no bearing on whether the parties ultimately reached any agreement on the appellate fees to be paid to the Morelli Firm. Indeed, they had not reached any agreement, as demonstrated by the Morelli Firm's July 29, 2021 email asking Mr. Perez to agree to an additional 10% contingency fee. The Morelli Firm cites no authority requiring disclosure of medical records or the identity of medical providers in an attorney-client fee dispute; the authority it cited stands for the well-established, but irrelevant, proposition that medical records and social media accounts are discoverable in personal injury actions alleging physical and emotional trauma (*see e.g. Forman v Henkin*, 30 NY3d 656, 666 [2018]; *Abedin v Osorio*, 188 AD3d 764 [2d Dept 2020])[2].

*A Forensic Examination is Not Warranted*

The Morelli Firm's request that Mr. Perez provide all recordings of meetings between the parties, and for a forensic examination of Mr. Perez' or his family's devices, is without merit and denied. Mr. Perez' alleged belated disclosure of additional recordings after the initial production of other recordings is neither "concerning" nor warrants a forensic study of the recording devices. Mr. Perez' counsel sufficiently explained the delay in production, to wit: inadvertent law office failure (*see Chelli v Kelly Grp.*, 63 AD3d 632, 633 [1st Dept 2009] [discovery sanctions not appropriate where attorneys did not willfully default and no prejudice to other party]). Mr. Perez' counsel apologized for the delay, explained that the failure to provide these additional records was unintentional, and there is no prejudice to the Morelli Firm by any delay.

Finally, the Morelli Firm's argument that the recordings are "facially incomplete" because several start "mid-sentence" or "mid-conversation," ignores the Jackson affidavit[3] provided by Justin Perez, in which he explains that the recordings were started near the beginning of each conversation because he began recording only once he joined the Zoom call. Justin Perez could not record conversations that occurred prior to the time he entered the Zoom meeting; this is patently obvious and common sense. Nor did the sale of the audio recorder amount to spoliation of evidence or otherwise support a forensic study of devices. Justin Perez explained that the recorder did not store recordings internally, but rather stored the recordings on a removable SanDisk (SD) card. He removed the SD card after each recording; transferred the recording to a computer; and cleared the SD card for its next use. All of the recordings stored on

---

[2] As the demand for medical providers is improper on its face, the Court need not consider Mr. Perez' claim that, prior to the transfer of this matter to Part 31, the prior Court Attorney refused to compel medical disclosure and directed the Morelli Firm to move to strike allegations regarding Mr. Perez' seizure.

[3] *Jackson v City of New York*, 185 AD2d 768, 770 (1st Dept 1992)(affidavit demonstrating thorough search for records made in good faith satisfied where deponent states "where the subject records were likely to be kept, what efforts, if any, were made to preserve them, whether such records were routinely destroyed, or whether a search had been conducted in every location where the records were likely to be found.")

150661/2022   MORELLI LAW FIRM, PLLC vs. PEREZ, MARK                                    **Page 4 of 7**
Motion No.  004 005

4 of 7

[* 4]

the computer were provided to Morelli Firm. In any event, Morelli Firm participated in each of these recorded conversations and has personal knowledge as to whether material information was selectively omitted. Notably, however, it has not identified any omitted information. Having already provided all of the recordings in Mr. Perez' possession, and a Jackson affidavit confirming same, there is no basis to compel a forensic examination Mr. Perez' family's devices. Accordingly, the demand for audio recordings is academic and the demand for a forensic examination of personal devices is unwarranted.

### Mr. Perez' Motion to Compel (Mot. Seq. 005)

Mr. Perez served his request for production of documents on the Morelli Firm on December 22, 2022 ("the Demand"). Generally, as relevant to this motion, Mr. Perez seeks production of five classes of documents: (1) communications (texts and internal emails); (2) locally saved files; (3) meeting/call notes; (4) template retainer agreements; and (5) bank records.[4]

Demand ¶ 8 seeks documents and communications regarding the March 11, 2020 letter from the Morelli Firm to Mr. Perez entitled "Appellate Litigation Fee." This matter, at its core, is whether the Morelli Firm is entitled to a 10% appellate attorney fee. Discovery of communications and documents surrounding the alleged first written correspondence by the Morelli Firm to Mr. Perez seeking a 10% appellate attorney fee is obviously necessary and to the prosecution and defense of the claim and counterclaim herein. Accordingly, the discovery sought in Demand ¶ 8 is proper.

Demand ¶¶ 10 and 11 seek documents and communications supporting the Morelli Firm's claim that 10% is its standard appellate fee, as alleged in paragraph 20 of the complaint. The issue of whether the Morelli Firm was entitled to a 10% appellate fee is at the heart of this matter, and therefore discovery on the issue of its customary appellate fee is necessary to both the prosecution and defense of the claim and counterclaim in this matter. Accordingly, the discovery sought in Demand ¶¶ 10 and 11 is proper.

Demands ¶¶ 13, 14, 15, 16, 29, 30, 31, and 32 all seek documents and communications, including internal communications, related to virtual meetings held between Mr. Perez and the Morelli Firm. In each of these meetings, the Morelli Firm alleges that its 10% appellate fee, its engagement as appellate counsel of Mr. Perez, or the dispute over the appellate fee was discussed. This is relevant to both the prosecution and defense of the claim and counterclaim raised here. Accordingly, the discovery sought in Demand ¶¶ 13, 14, 15, 16, 29, 30, 31, and 32 is proper.

Similarly, Demand ¶ 41 seeks documents and communications related to the September 8, 2021 court conference where the settlement alloction occurred. The Morelli Firm alleges that Mr. Perez agreed to the 10% appellate attorney fee as part of the settlement, and that it further counseled him not to accept the settlement if he did not accept the 10% appellate fee. These

---

[4] That portion of Mr. Perez' request which seeks discovery of alleged unconveyed settlement offers is no longer relevant; the Appellate Division, First Department dismissed Mr. Perez' claim that certain settlement offers were undisclosed, with leave to replead upon identifying offers higher than the ultimate settlement, and Mr. Perez did not so replead.

**150661/2022   MORELLI LAW FIRM, PLLC vs. PEREZ, MARK**                                  **Page 5 of 7**
**Motion No.  004 005**

[* 5]

5 of 7

allegations strike at the heart of the dispute here, whether there was agreement to the appellate fee, and are necessary to the prosecution and defense of the claim and counterclaim. Accordingly, the discovery sought in Demand ¶ 41 is proper.

Demand ¶¶ 19 and 24 seek documents and communications between the Morelli Firm and appellate counsel Hon. (ret.) David Saxe, including the regular meetings the Morelli Firm alleges it had with the appellate counsel team. Mr. Perez has not drawn any connection between these alleged communications and the issue in this matter: whether Mr. Perez agreed to a 10% appellate attorney fee. Accordingly, Demand ¶¶ 19 and 24 do not seek material necessary to the prosecution or defense of the claim and counterclaim here, and are therefore improper.

Demand ¶¶ 7, 33, 34, 35, 36, 37, 38, 39, and 40 seek documents and communications related to settlement offers and discussions surrounding settlement offers. Mr. Perez' breach of fiduciary duty claim, which asserted that the Morelli Firm and Mr. Morelli failed to inform him of more favorable settlement offers, was dismissed by the Appellate Division with leave to replead a settlement offer higher than the ultimate settlement. Mr. Perez did not so replead. Thus, documents and communication regarding settlement discussions is immaterial to the issue here: whether the Morelli Firm is entitled to a 10% appellate attorney fee. Accordingly, the discovery sought in Demand ¶¶ 7, 33, 34, 35, 36, 37, 38, 39, and 40 is improper.

Demand ¶¶ 46, 47, and 48 seek bank records related to the receipt, transfer, and distribution of settlement funds and the $5.5 million the Morelli Firm has allegedly held in its escrow account. However, Mr. Perez' conversion and unjust enrichment counterclaims alleging misappropriation of the escrowed funds were dismissed and dismissal was upheld by the Appellate Division. Although the Appellate Division found that maintaining disputed funds in an escrow account did not insulate the Morelli Firm from a breach of contract claim, the bank records are not material or necessary to Mr. Perez' breach of contract claim. Mr. Perez' breach of contract claim, at bottom, alleges that the Morelli Firm was not entitled to withhold an additional $5.5 million of the settlement proceeds as appellate legal fees. Mr. Perez' allegations that the Morelli Firm failed to properly maintain the disputed funds in an appropriate account, or otherwise breached its fiduciary duties, relate to the dismissed claims of breach of fiduciary duty and violations of the ethical rules. Accordingly, the discovery sought in demand ¶¶ 46, 47, and 48 are improper.

Notably, Mr. Perez contends that minutes after the Morelli Firm filed its opposition to his motion, in which it argued that it had already provided all responsive documents, the Morelli Firm produced an additional 859 pages of new documents which were responsive to Mr. Perez' prior demand. This raises the specter that the Morelli Firm's productions have not been complete, despite their assertion otherwise. Consequently, to the extent that any party contends it has already produced all documents in its control responsive to the aforementioned demands, it shall serve an affidavit stating it has produced all responsive documents and identify the previously served responsive documents by bates stamp number.

150661/2022   MORELLI LAW FIRM, PLLC vs. PEREZ, MARK
Motion No.  004 005

Page 6 of 7

6 of 7

[* 6]

Accordingly, it is

**ORDERED** that the motion by the Morelli Law Firm for an order compelling certain discovery responses from Mr. Perez (sequence 004) is denied; and it is further

**ORDERED** that the motion by Mr. Perez for an order compelling certain discovery responses from the Morelli Law Firm (sequence 005) is granted as to the December 22, 2022 Demand Nos. ¶¶ 8, 10, 11, 13, 14, 15, 16, 29, 30, 31, 32, and 41, and is otherwise denied. The Morelli Law Firm shall provide responses to these specific Demands no later than **June 20, 2025;** and it is further

**ORDERED** that to the extent that any party contends it has already produced all documents in its control responsive to the outstanding discovery demands, it shall serve an affidavit stating it has produced all responsive documents and identify the previously served responsive documents by bates stamp number; and it is further

**ORDERED** that counsel are reminded of the **Status Conference** scheduled for **June 4, 2025 at 10:00am** in courtroom 623 at 111 Centre Street New York, NY 10013; and it is further

**ORDERED** that counsel are reminded of the Part Rules, available on the Court's website, including those regarding the submission of a proposed joint conference order in advance of the conference date an in lieu of an in-person appearance.

| | |
|---|---|
| **5/20/2025** | |
| **DATE** | **KATHLEEN WATERMAN-MARSHALL, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | **X** | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**150661/2022   MORELLI LAW FIRM, PLLC vs. PEREZ, MARK**
**Motion No.  004 005**

**Page 7 of 7**

7 of 7

[* 7]